May Term, 1860.

WOLF v. SMITH.

————•◦•————

WOLF and Another *v.* SMITH.

An agent is competent to prove his authority where it is given by parol.
The consideration for the assignment of a note need not necessarily be paid at the time, to render the assignment complete.

Wednesday, June 6.

APPEAL from the *Delaware* Court of Common Pleas.

WORDEN, J.—Suit by the appellants against the appellee upon a note made by the latter to *William Vandapool*, and by *Vandapool* indorsed to the plaintiffs.

Answer, that before the defendant had any notice of the assignment of the note to the plaintiffs, *Vandapool* was indebted to the defendant for work and labor, and upon two notes, one given by *Vandapool* to *Nottingham*, and by the latter indorsed in blank to *James Hunter*, and by *Hunter* to the defendant; the other note given by *Vandapool* to *Hathaway*, and by him indorsed to the defendant; which claims the defendant offered to set off against the note sued on. The set-off thus set up exceeded the amount of the note sued upon.

Replication under oath denying the assignment of the *Nottingham* note by *Hunter*.

Trial by the Court; finding and judgment for the defendant, a new trial being denied.

The main controversy is, as to the assignment of the

*Nottingham* note to the plaintiffs by *Hunter*, the assignee of *Nottingham*. The assignment, it appears, was made by one *Nation*, in the name of *Hunter*. It is insisted that the Court admitted hearsay and improper evidence to establish *Nation's* authority from *Hunter* to make the assignment. It may be that some statements of third parties were improperly admitted; but *Nation* testified that he was expressly authorized by *Hunter* to make the assignment. The authority of *Nation* does not appear to have been in writing; and where it is by parol, the agent is a competent witness to prove it. 1 Greenl. Ev., § 416. But it is insisted that *Hunter* himself was the better witness to prove his delegation of authority to *Nation*, and that the law requires the best evidence of which the case, in its nature, is susceptible. We recognize the rule, but think it not applicable to the case. The authority, so far as appears, was given by parol, and *Nation* was as competent to testify in relation to it as *Hunter* himself. " In requiring the production of the best evidence applicable to each particular fact," says Mr. *Greenleaf*, "it is meant that no evidence shall be received which is merely substitutionary in its nature, so long as the original evidence can be had. The rule excludes only that evidence, which itself indicates the existence of more original sources of information. But where there is no substitution of evidence, but only a selection of weaker, instead of stronger proofs, or an omission to supply all the proofs capable of being produced, the rule is not infringed." 1 Greenl. Ev., § 82.

Striking out any improper testimony that may have been admitted, we do not feel authorized to disturb the finding of the Court upon this point, as it was sustained by competent and legitimate testimony.

So, also, in respect to notice. *Smith*, whom the plaintiffs swore as a witness, testifies that at the time the notes were assigned to him, he supposed *Vandapool* still held the note sued upon. Concurrently with the assignment of the note to *Smith*, the defendant, he executed an agreement to *Hunter* and to *Hathaway*, promising to pay them severally the amounts appearing to be due on the notes thus as-

signed to him, by a day named, but stipulating that the amounts were not to be paid, should a Court of competent jurisdiction decide that he could not set them off against the note he had given to *Vandapool*, in the absence of notice to him, the defendant, of assignment thereof.

The counsel for the appellants insist that the transfer of the notes to the defendant was thus made conditional, and that they cannot be set off.

We do not think the agreement thus made affects the validity of the transfer of the notes so as to prevent the title thereto from vesting in *Smith*. The consideration of the assignment of a note need not be paid down. An agreement to pay at a future day will support the assignment. This agreement was for the future payment of the consideration. The condition which should defeat the obligation to pay, has, so far as appears, never arisen. Hence, the transfer is perfect, and the agreement to pay the consideration therefor, binding.

This set-off is sustained by the case of *Clapton* v. *Morris*, 6 Leigh, 278, where a similar question was involved.

We find no error in the case which should reverse the judgment; hence, it must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*W. March* and *W. Brotherton*, for the appellants.

*D. Nation*, for the appellee.