JANIN v. CHENEY et al.

(Supreme Court, Appellate Division, First Department.   November 10, 1899.)

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—COMMENCEMENT—EVIDENCE.

In an action on a contract of employment between defendant and plaintiff's testator, wherein plaintiff claimed that the contract commenced on April 11, 1892, and was to continue for one year, while defendant claimed it commenced on July 1, 1892, and that the employment from April 11th to July 1st was a preliminary engagement, a receipt from plaintiff's testator acknowledging payment to the end of June 30, 1892, was admissible, as showing that the engagement of plaintiff's testator for which he was paid was to end on June 30th, and his yearly employment was to commence on the 1st of July.

2. SAME—TERMS OF CONTRACT—EVIDENCE.

Where plaintiff's attorney wrote a letter to defendant, stating plaintiff's case, a mere formal reply by defendant that the letter would be forwarded to the officer with whom the contract with plaintiff's testator had been made, and a reply by the officer by whom the negotiations had been made with plaintiff's testator acknowledging the receipt of the letter, and stating that a check had been sent to plaintiff's testator for the balance due him, and that it was a sufficient reply to the letter to say that he was no longer in defendants' employment, his services having ended on the 30th day of June, did not authorize the admission of the attorney's letter in evidence.

3. CONTRACT—INSTRUCTION.

In an action on a contract of employment alleged to have been made by defendant with plaintiff's testator, the court, at the request of defendant, instructed that, "unless the jury find that the evidence of the contract given by plaintiff is corroborated either by some other witness or by some circumstance or facts, the jury are at liberty to find for defendant without regard to the evidence produced by defendant." The court added that this was so, as plaintiff was an interested witness, and further instructed that the jury were to regard the evidence of defendant in coming to a conclusion, the evidence of all the witnesses, and all the circumstances, and all the evidence in the case. *Held* that, in view of the subsequent charge, the instruction given at the request of defendant was not misleading.

Appeal from trial term, New York county.

Action by Amelia Janin, as executrix, etc., of Oscar B. Janin, against Cheney Bros., to recover damages for the breach of a contract of employment. From a judgment for defendants, and an order denying a motion for new trial, and an order granting defendants an extra allowance, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

James McCreery, for appellant.
E. H. Benn, for respondents.

VAN BRUNT, P. J.   This action was brought to recover damages for the breach of a contract of employment.   The complaint alleged that on the 11th day of April, 1893, a contract was entered into for the employment by the defendants of the plaintiff's testator as manager of their ribbon sales department for one year from that day, the due performance thereof by the deceased, and his wrongful discharge by the defendants on July 1, 1893.   The answer was a

general denial. The claim of the plaintiff is that on the 11th of April, 1892, the deceased entered into the employment of the defendants under a contract for a year's service, and at a yearly salary, and that, having held over after the expiration of the year, the presumption arose that the parties had assented to a continuance of the services for another year at the same salary; and therefore his discharge on the 1st of July, 1893, was wrongful, and he was entitled to continue in the service for the whole of another year, commencing on the 11th of April, 1893. Upon the other hand, the defendants claim that the yearly employment was from the 1st of July, 1892, to the 1st of July, 1893, and that on the latter date, at the termination of the year, the plaintiff's testator was discharged. It is admitted that he performed services for the defendants from the 11th of April, 1892, to the 1st of July, 1892, but it is claimed that that was a mere preliminary employment, having nothing to do with the yearly contract, which was to commence on the 1st of July, 1892. Evidence upon these issues was given both on behalf of the plaintiff and of the defendants, and, the jury having found a verdict in favor of the defendants, no reason is shown for disturbing that finding.

It is, however, alleged that during the progress of the trial the court made certain errors in its rulings, and also in its charge. It is also claimed that the court erred in denying the motion made at the close of the evidence to direct a verdict for the plaintiff. We think, however, upon an examination of the evidence, that there was a question which was properly submitted to the jury, and that the evidence given upon the part of the defendants tended to support their contention. It could very well be found from the evidence as introduced that it was the understanding of the defendants that the yearly employment of the plaintiff's testator was to commence on the 1st of July, 1892, that being the end of the season; and that his coming on the 11th of April, 1892, was a mere preliminary engagement, and that such services were rendered under an arrangement made subsequent to entering into the original contract.

It is also claimed that the court erred in admitting a receipt given by the plaintiff's testator to the defendants, and that this was error which was harmful to the plaintiff, in that stress seems to have been laid upon this piece of evidence by the court in its charge to the jury. It was undoubtedly an important fact tending to corroborate the theory of the defendants, and it was a singular coincidence that the plaintiff's testator in this receipt should have referred to the 30th of June, 1892, if it was a date of no particular importance. The receipt was a receipt signed by him, and all the written parts thereof were in his handwriting. It was a declaration upon his part, and, if it had any probative force whatever upon the issues involved between these parties, it was clearly relevant. It may very well be claimed—as it was claimed by the defendants— that the fact of his having inserted that date in the receipt showed that the engagement for which he was then being paid was to end on the 30th of June, 1892, and his yearly employment was to commence

on the 1st of July. If the defendants had discharged him on the 11th of April, 1893, this receipt would have been claimed as affording conclusive evidence against the right of the defendants to make such a discharge, and that he was entitled to serve under his yearly employment until the 1st of July, 1893.

It was also claimed that it was error to refuse to receive the letter of the plaintiff's attorney to the defendants. This letter was a statement by the attorney of the plaintiff's case. A mere formal answer was sent by the officers of the corporation, who knew nothing in regard to the circumstances of the contract, advising him as to what they understood to be the contract, and referring him to the parties in New York who had made the contract. It is clear that the parties cannot make evidence for themselves by stating their claims in a letter to the party claimed against, when such party makes no reply. The mere formal acknowledgment of the receipt of such a letter, with a statement that they would forward it to the person with whom the negotiations were had in respect to employment, and a statement of what they understood the contract to be, clearly did not authorize the admission of the attorney's letter. Neither did the subsequent letter sent to the attorney by the person who had had the negotiations personally with the plaintiff's testator in regard to the employment, acknowledging the receipt of his letter, and telling him that they had sent a check to the plaintiff's testator for the balance due him, and that they thought it a sufficient reply to the letter to say that he was no longer in their employment, his services having ended on the 30th of June.

It is claimed that the instruction given to the jury by the court in respect to the evidence of the defendants was error. The language of the charge was:

"The defendant also requests me to charge you, 'Unless the jury find that the evidence of the contract given by the plaintiff is corroborated either by some other witness or by some circumstance or facts, the jury are at liberty to find for the defendant, without regard to the evidence produced by the defendant.' That is so, as he is an interested witness." The court then added: "Although you are to regard the evidence of the defendant in coming to a conclusion, the evidence of all the witnesses."

The court then further charged that the jury were to consider, in coming to a determination as to the matter in controversy between the parties, all the circumstances and all the evidence in the case. It seems to us that this was clearly calling the attention of the jury to their right to consider all the evidence in determining the question, and the jury must have understood that all that was intended to be charged by the court was that, the plaintiff's testator being an interested witness, the jury had the right to disregard his evidence, although uncontradicted, if it did not appeal to their judgment; and that when it speaks of it being without regard to the evidence produced by the defendants it meant as matter of contradiction,—without considering the evidence of the defendants so far as it contradicted the plaintiff. Its subsequent rulings clearly showed that that was his intention, and the jury could not have been misled.

In regard to the order for extra allowance, we think the case was a proper one for such an allowance, although the court had no authority whatever to impose the condition which it did upon granting the motion.

We think that the judgment and orders appealed from should be affirmed, with costs. All concur.