### NORDEN et al. v. DUKE.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. ATTACHMENT—MOTION TO VACATE—SPECIFICATION OF IRREGULARITIES.

Where an order vacating a warrant of attachment is made upon the merits, the general rule of practice requiring specification of the irregularity relied upon does not apply to the motion to vacate.

2. SAME—DETERMINATION OF MERITS.

Where, in an action on a contract made in behalf of defendant by an alleged agent, the evidence was such that the jury would have been justified in finding that the agency existed, this question should not be determined on motion to vacate an attachment, and especially so where ambiguous telegrams and letters which might be explained by parol constituted a part of the evidence of the alleged contract.

3. AGENCY—PROOF—TESTIMONY OF AGENT.

The rule that admissions and declarations of an agent cannot be received to establish the fact of his agency has no application to testimony given by the agent when called as a witness to testify to the relations that exist between himself and his principal.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, §§ 413–418.]

Appeal from Special Term, New York County.

Action by Hermann Norden and others against Brodie L. Duke. From an order vacating a warrant of attachment, plaintiffs appeal. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Chas. Blandy, for appellants.
William F. Goldbeck, for respondent.

HATCH, J. The action was brought to recover the sum of $4,-500, with interest thereon from the 22d day of December, 1903. The warrant of attachment in the action was issued upon the ground of the nonresidence of the defendant, which is not denied. The plaintiffs are cotton brokers, and on the 22d day of December, 1903, they received an order, purporting to come from the defendant, to sell upon the stock market for him 2,000 bales of March cot-

ton at a given price. The order was executed, cotton continued to rise in price, and the defendant suffered a loss.

The notice of motion does not specify any grounds of irregularity, but, as the order was made upon the merits, it went to the substance of the matter. Therefore the general rule of practice, requiring specification of the irregularity relied upon, does not apply. Martin v. Aluminum Plating Co., 44 App. Div. 412, 60 N. Y. Supp. 1010.

It appears by the proof upon which the attachment was granted that the order to sell the cotton was given by telegraph in the name of the defendant. In fact, it was sent by one Bramham, claiming to act as the defendant's agent. The motion to vacate was granted upon the sole ground that there was not sufficient proof that Bramham was authorized to order the sale of the cotton by the defendant. Facts are disclosed in the proof upon which the attachment was granted from which a jury would be authorized to find that Bramham did have authority to transact the defendant's business and to give the order in question. It appeared that Bramham had been in the employment of the defendant as his private secretary for a number of years; that he transacted considerable business for him, sometimes by his own direction, and sometimes without special authorization. While he was not specially authorized in the present case, yet it appears that when the defendant was informed of the transaction he did not repudiate it or Bramham's authority to make it, but simply remonstrated with him for having done it. It is quite easy to see that upon a trial it may be established that Bramham had authority to give the order. Under such circumstances, the court will not consider the merits of the action, but will deny the motion and leave such question for disposition by the trial court. Furbush v. Nye, 17 App. Div. 325, 45 N. Y. Supp. 214.

In some measure, the cause of action depends upon a construction of the telegrams and letters that passed between the parties in the making and execution of the order. In some respects, the language relating to the execution of the contract after the order was given is ambiguous, and the case may admit of parol proof to explain such ambiguity. It would therefore be manifestly improper for the court upon this motion to determine the legal effect of the writings, which may be explained by parol proof, and thereby their construction be made plain. Kirby v. Colwell, 81 Hun, 385, 30 N. Y. Supp. 880.

The respondent seeks to invoke the rule that admissions and declarations of an agent cannot be received to establish the fact of his agency or the nature and extent of his authority. This rule, however, relates to admissions and declarations by the agent to third persons. It has no application to statements made by the agent when called as a witness to testify to the relations that exist between himself and his principal. His testimony under such circumstances is neither an admission nor a declaration. It is evident that what the relation was, and its nature, can be explained fully by the agent under such circumstances. In the present case, it appeared that the deposition of the agent had been taken under an order of the court, and the proof as to his agency had been given

under the sanctity of an oath and in a judicial proceeding. It therefore furnished competent testimony of the extent and character of his authority.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.