# CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY v. COON.

[No. 6,858. Filed January 12, 1911. Rehearing denied June 27, 1911. Transfer denied November 22, 1911.]

1. NEGLIGENCE.—*Complaint.*—*Essentials.*—A complaint cannot be aided by other parts of the record, must contain every material fact, must not be equivocal and must show that the acts complained of were the proximate cause of the injuries sustained. p. 679.

2. RAILROADS.—*Crossings.*—*Failure to Give Signals.*—The failure of a railroad company to cause the whistle of its train to be sounded at a crossing constitutes negligence *per se.* pp. 680, 686.

3. APPEAL.— *Briefs.*— *Mistake.*— *Railroads.*— *Negligence.*— Where the record shows that the plaintiff's complaint alleged that "owing to said negligence and reckless high rate of speed" the plaintiff sustained injuries, the appellant's contention that the averment "owing to said negligent and reckless high rate of speed," etc., shows but one act of negligence as the proximate cause of the injury, falls for lack of support. p. 680.

4. NEGLIGENCE.— *Contributory.* — *Negativing.* — *Complaint.*— Since

1899 (Acts 1899 p. 58, §362 Burns 1908) a complaint for negligence need not negative contributory negligence. p. 682.

5. RAILROADS.—*Crossings.*—*Complaint.*—A complaint alleging that the plaintiff in driving along a street approached a railroad crossing, that he checked his horses, looked and listened but neither saw nor heard a train, that the night was dark and stormy, that when he arrived upon the track the defendant negligently ran its train without signal, noise or headlight, and at an excessive speed against him, to his damage, states a cause of action. p. 682.

6. APPEAL.—*Assignments of Errors.*—*Instructions.*—Errors in giving or refusing instructions cannot be assigned independently on appeal. p. 683.

7. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence; and if there is any evidence tending to prove the material facts, the judgment will not be disturbed. pp. 683, 686.

8. NEGLIGENCE.—*Several Acts.*—*Proof of One.*—Where several acts of negligence are alleged in the complaint, proof of one is sufficient. p. 684.

9. RAILROADS.—*Crossings.*—*Running Train Without Headlight.*—The running of a train, without a headlight, on a dark night, through a town, proximately causing an injury to a traveler on a crossing, constitutes negligence. p. 685.

10. RAILROADS. — *Crossings.* — *Injuries.*— *Evidence.*— *Contributory Negligence.*—The fact that a traveler stopped his horses on the railroad crossing just before he was struck does not make him guilty of contributory negligence as a matter of law, where the night was dark and stormy and the train approached noiselessly without a headlight and without signaling. p. 686.

11. APPEAL.— *Joint Assignments.*— *New Trial.*— *Instructions.*—Where instructions are jointly challenged in a motion for a new trial, the assignment is unavailing unless they are all bad. pp. 687, 688.

12. APPEAL.—*Briefs.*—*Waiver.*—A failure to argue alleged errors constitutes a waiver thereof. p. 688.

13. TRIAL.— *Instructions.*— *Duplication.*— Instructions requested, covered by those given, should be refused. p. 688.

14. TRIAL.—*Instructions.*—*How Considered.*—Where instructions when considered as a whole fairly state the law, the court on appeal will not disturb the judgment, though the phrasing thereof might be improved upon. p. 689.

15. APPEAL.—*Rehearing.*—*New Points.*—Points not presented at the original hearing of a case on appeal cannot be presented on a petition for a rehearing. p. 689.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by Percy Coon against the Chicago and Eastern Illinois Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*William Darroch, Frank M. Ross, Homer T. Dick, Ulric Z. Wiley* and *Arthur H. Jones,* for appellant.

*W. H. Parkinson, John A. Dunlap, Frank Davis* and *Fred Longwell,* for appellee.

HOTTEL, J.—This is an action brought by appellee against appellant to recover damages on account of injuries sustained by appellee by being struck by one of appellant's trains at a crossing of appellant's track with one of the streets of the town of Brook.

The complaint is in one paragraph, to which a demurrer was filed and overruled, and the issues closed by an answer in general denial. There was a trial, resulting in a verdict for appellee in the sum of $1,500. Motion for a new trial was overruled, and defendant excepted. Judgment was rendered on the verdict.

Appellant relies for reversal on the following errors: "(1) The complaint does not state sufficient facts; (2) overruling appellant's demurrer to the complaint; (3) giving instruction two, on the court's own motion, and also instructions one, two, four, five and six, requested by appellee; (4) refusing to give instructions five and seventeen, requested by appellant; (5) overruling appellant's motion for a new trial; (6) sustaining appellee's motion for a judgment on the verdict."

Inasmuch as errors one and two present the question of the sufficiency of the complaint, we shall state the material averments thereof. The complaint alleges, in substance, that said railroad crosses, at an agle of about forty-five degrees, a street in the town of Brook, running east and west; that the street is sixty feet wide, and the railroad runs northwesterly and southeasterly; that a number of buildings and trees obstruct the view of the track as it is approached

from the west; that on January 18, 1907, appellee, who was driving a two-horse, single-seated, covered buggy, approached the railroad from the west; that when about one hundred feet from the crossing of said street and approaching it, he checked his horses, and drove in a slow walk, listening and looking for approaching trains; that he continued to look and listen while approaching said railroad crossing; that on approaching said crossing from the north, there is a slight incline towards the south; that on said date and about 8:30 o'clock at night, there was a brisk wind blowing from the southwest; that when approaching said crossing, and while continuing to look and listen, and hearing no signals given, and seeing no light, plaintiff started to drive upon and across the track of this defendant; that as plaintiff's horses were upon the track, said defendant carelessly and negligently ran a train of cars on its said road from the northwest, coming down said grade and within said limits of said incorporated town at the reckless speed of twenty-five miles an hour; that the steam was entirely shut off; that the agents and servants, in the operation and management of defendant's said train, carelessly and negligently failed to sound the whistle or ring the bell, and carelessly and negligently operated said engine without any sufficient headlight, and ran said train at a dangerous, reckless and unusual rate of speed, to wit, thirty-five miles an hour, at the time it struck said buggy and horses and injured this plaintiff; that they carelessly and negligently failed to give any signal whatever of the approaching train; that, by reason of the surrounding obstructions, of the noise made by the wind, of the steam being shut off of said engine, and of the rapid and great speed at which said train was running, it did not make sufficient noise in advance thereof to be heard for any distance; that said train approached said crossing in said careless and negligent manner as aforesaid, and when plaintiff's team was upon said tracks of said defendant said plaintiff avers "that owing to said negligence

and reckless high rate of speed at [which] said train was running, he was unable to get his horses and buggy out of reach of said train, but that defendant's agents and servants so operated said train, and so negligently and carelssly ran it upon and against plaintiff's said team and buggy, that the end of the pilot of said locomotive engine struck plaintiff's said team and buggy with great force and violence,'' thereby throwing and hurling this plaintiff a great distance, thereby greatly and severely bruising and injuring him; that said injuries were occasioned by the negligence of said defendant, and without any fault or negligence on the part of this plaintiff.

As heretofore indicated, the first and second errors assigned by appellant bring in review this complaint. The disposition of the second—the overruling of the demurrer to the complaint — necessarily disposes of the first — that the complaint does not state sufficient facts.

Counsel for appellant have quoted the following propositions of law as applicable to the error assigned: (1) ''When a pleading is tested by a demurrer, it must stand or fall by its own averments. It can find neither weakness nor strength from other parts of the record.'' (2) ''In pleading, it is incumbent upon the plaintiff to state all facts essential to a cause of action, and if any material fact is lacking the complaint will go down before a demurrer.'' (3) ''It is an old and well-settled rule of pleading, that where doubts arise upon the pleading they are construed most strongly against the pleader.'' (5) ''In cases like the one under consideration, it must appear, from the material facts, directly averred in the complaint, that there was some connection, in the way of cause and effect, between the acts of negligence complained of and the injury, or that such negligent acts of omission or commission * * * resulted in the injury complained of, and which result was the consequence of such negligent acts.''

These propositions correctly state the law, but do not

state the law in its entirety applicable to the determination of the sufficiency of this complaint. There are other

2. principles equally important, and necessary to be kept in mind, before adjudging this complaint bad on the grounds urged by counsel for appellant. The first objection urged against the complaint is as follows: "The demurrer to the complaint should have been sustained, because it is not averred that the imputed negligence of appellant caused the injury complained of." In discussing the objection, counsel treat the complaint as though it proceeded wholly upon the theory that the only negligent acts of omission or commission of the appellant complained of by the appellee related solely to the speed of the train. Counsel leave out of account the allegations relating to appellant's failure to give the signals required by statute, and those relating to the insufficiency of the headlight used upon the train. These are important allegations, in view of the holdings of this court and the Supreme Court. The giving of the signals is required by statute, and as a general proposition, the failure of a railroad company to discharge its duty in regard to giving the signals at public crossings is negligence *per se.* §5431 Burns 1908, §4020 R. S. 1881; *Baltimore, etc., R. Co.* v. *Conoyer* (1898), 149 Ind. 524, 526; *Pittsburgh, etc., R. Co.* v. *Burton* (1894), 139 Ind. 357, 375, 380.

In commenting upon the section of the statute requiring the signals to be given, the Supreme Court in the case of *Pittsburgh, etc., R. Co.* v. *Burton, supra,* at page 375, said: "This statute expresses the legislative definition of the character and extent of warning which shall be required, and less than the warning required is not deemed reasonable, and constitutes negligence."

While it is true that the allegation in the complaint, with reference to the insufficient headlight, is in the nature of a conclusion, the averments of the complaint in relation

3. to the negligent failure of the appellant to give the signals required by statute and the causative connec-

tion of this failure with appellee's injury, we think makes the complaint sufficient in this regard. The law in this class of cases seems to be well settled, but a more serious difficulty arises in its application to the particular case. It seems from the statement of the contents of the complaint in appellant's brief that counsel have labored under a misunderstanding as to its wording. The complaint, in charging the negligence of appellant that caused appellee's injuries, uses the following language: "Plaintiff avers that owing to said negligence and reckless high rate of speed at [which] said train was running, he was unable to get his horses and buggy out of reach of said train, but that defendant's agents and servants so operated said train, and so negligently and carelessly ran it upon and against plaintiff's said team and buggy, that the end of the pilot of said locomotive engine struck plaintiff's said team and buggy with great force and violence," thereby injuring, etc.

The appellant in its brief charges the language of the complaint upon this same subject to be as follows: "Plaintiff avers that owing to said 'negligent' and reckless high rate of speed said train was running," etc. While but one word of this sentence is incorrectly quoted, a complete change in meaning results. Under the wording of the complaint, as counsel for appellant understand and quote it, the sole and only proximate cause of plaintiff's injury was the negligent and reckless high rate of speed at which said train was running; while, under the correct wording of the complaint, as shown by the record, the proximate cause was said "negligence" and reckless high rate of speed at which said train was running. The pleader, in fact, connects and includes the negligent acts before enumerated in this complaint with the speed of the train as the proximate cause of the injury. With this interpretation of the complaint the argument of counsel in their brief, as to its insufficiency, has little left to support it, because said negligent acts before set out in the complaint include the negligent omissions of appellant to

give the signals or warning required by statute, the defective headlight, etc., which we think makes the complaint sufficient under the rules of this court before quoted.

Counsel for appellant also insist that the complaint should have alleged that if the warning had been given the injury would not have occurred; or that there should have been an averment that appellee could have seen the train had there been a sufficient light, and heard it if the required signal had been given. Upon this proposition counsel have cited numerous authorities, most of which, however, are cases antedating the act of 1899 (Acts 1899 p. 58, §362 Burns 1908), that shifted the burden of the issue of contributory negligence in actions of this character. *Chicago, etc., R. Co.* v. *Turner* (1904), 33 Ind. App. 264.

Prior to that act, it was necessary for the plaintiff either by his special averments to show or by a general averment to allege that he was without fault, and in nowise contributed to his injury. *Baltimore, etc., R. Co.* v. *Young* (1896), 146 Ind. 374, 376; *Chicago, etc., R. Co.* v. *Thomas* (1897), 147 Ind. 35; *Cincinnati, etc., R. Co.* v. *Voght* (1901), 26 Ind. App. 665.

But since the act of 1899, *supra,* it is only necessary in actions of this kind that the facts pleaded do not affirmatively show contributory negligence. *Southern R. Co.* v. *Davis* (1905), 34 Ind. App. 377; *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219; *VanWinkle* v. *New York, etc., R. Co.* (1905), 34 Ind. App. 476.

Measured by this test, the complaint in this particular is sufficient. It contains no averments affirmatively showing that appellee by his negligence contributed to his injury; but it does contain a general averment that the "injuries were occasioned by the negligence of said defendant, and without any fault or negligence on the part of this plaintiff." Taking the complaint as a whole, we

think it states facts sufficient to constitute a cause of action, and that the demurrer thereto was properly overruled.

Error in giving or refusing to give instructions is not properly presented by an assignment of error, assigning the giving or refusal to give such instructions as error; but such error must be stated as one of the grounds for a new trial. The third and fourth assignments of error need not, therefore, be considered.

Under the fifth error assigned, counsel insist that the verdict is not sustained by sufficient evidence and is contrary to law. The argument of counsel for appellant upon this branch of the case is predicated upon the facts that the witnesses who gave opinions as to the speed of the train generally put it at from "four to eight miles an hour," that the plaintiff had an open and unobstructed view of the track from any point inside the right of way extending forty feet west of the track for 325 feet in the direction from which the train approached, that both the appellee and the train were moving slowly while approaching the crossing, and that appellee stopped on the track, and was looking and listening when he was struck by appellant's train. Much of what we have already said in relation to the sufficiency of the complaint applies with equal force to this reason for a new trial. Following their mistaken notion of the allegations of the complaint, counsel leave out of account entirely the fact that there were several witnesses who testified to facts that tended to show that appellant's trainmen failed to give the statutory signals, and that there was proof that the headlight was so defective that it had the appearance of a switch light or a lantern, and reflected but little light on the rails. In this connection we deem it proper to quote from the testimony of some of the witnesses.

One witness, who was going in the direction of the train, and watching for it, and who met it near the whistling post,

and had every opportunity to hear the signals, testified that he heard no signals, either before or after the train passed him. This witness said: "I observed there was not much of a headlight, *scarcely any;* that is what fooled me. I saw the light, *but thought it was a switch light.* The light was very dim, *it did not make as much light as an ordinary lantern.* The train was almost on me before I saw it." (Our italics.)

Another witness testified that he did not hear the bell, and that he "observed the headlight at Brook. Could not see there was any light there unless you got straight in front of the engine. The bull's-eye was smoky."

Another witness testified as follows: "In fact, I thought they had no headlight. I stepped on the pilot and looked at the headlight. The lamp was an ordinary kerosene burner, and it was smoked down to within an inch and a half of the lower part of the globe, black as my hat. * * * You could not observe a blaze, standing in front of the engine there. There was absolutely no reflection on the rails. * * * The lower inch and a half of the globe was not smoked; the rest was perfectly black."

Another witness testified as follows: "Stepped in front of engine. Saw glass, smoky and dirty from some cause, and the light was very indistinct. Did not seem to be any more light than from an ordinary lamp."

There were other witnesses who testified that they did not hear any signals given. But in view of the well-established rule of this court, that indulges all presumptions in favor of, rather than against, the general verdict, and sets it aside only where there is a total failure of evidence on some material issue, we deem it useless to quote further from the evidence.

Two of the negligent acts charged as being the proximate cause of appellee's injury, were the failure to give
8. the statutory signals and the imperfect headlight used on the engine, and these, together with the speed

of the train, constituted the negligent acts of the appel-
lant, complained of. In view of the evidence before referred
to, we do not think the speed of the train controlling in this
case, but there was evidence from which the jury may have
concluded that the speed of the train was faster than the
witnesses thought it was. But for the purposes of this case,
we think it was enough if the jury believed from the evidence
that the statutory signals were not given, and that the head-
light was of the character testified to by the witnesses. Proof
of every averment in the complaint is not always necessary.
This is true, we think, in the case before us.

We think the case of *Indiana Clay Co.* v. *Baltimore, etc.,
R. Co.* (1903), 31 Ind. App. 258, is in point in this case.
In that case this court uses the following language: ''Proof
of either act of negligence charged, if it was the proximate
cause of the injury, was sufficient.'' This case was tried
on the theory that proof of either act of negligence charged,
if it was the proximate cause of the injury, was sufficient,
and this theory was adopted and acquiesced in by appellant,
as evidenced by instruction four, tendered by it and given
by the court, which is as follows: ''Plaintiff's complaint
avers four separate acts of negligence on the part of de-
fendant, one or more of which negligent acts must be proved
by the preponderance of the evidence, and if you believe
from the evidence that plaintiff has failed to prove defend-
ant's failure to comply with the statutory sounding of the
whistle and ringing of the bell as the train approached the
station at Brook, and that the headlight was burning, even
if but dimly, and that the speed of the train was not un-
reasonable at the time of the collision with plaintiff's vehicle
and team, then your verdict should be for defendant.''

To run a railroad train, on a dark night, without a head-
light, across a much-traveled public highway or street, in
a town, might of itself be an act of negligence; and
9. if such negligence resulted in injury to a traveler
who was attempting to cross the track, and who was

himself without fault, and who was injured solely because of such negligence of the railroad company, without in any way contributing to such injury, such company would be liable. 23 Am. and Eng. Ency. Law (2d ed.) 757; *East St. Louis, etc., R. Co. v. O'Hara* (1894), 150 Ill. 580, 37 N. E. 917; *Ohio, etc., R. Co. v. Hill* (1893), 7 Ind. App. 255, 260.

The failure to give the statutory signals at railway crossings is negligence *per se*, and renders the railroad company liable for injuries to persons caused by such failure,
2.   where such person is himself without fault, and in nowise contributed to such injury. *Pittsburgh, etc.,   ̊
R. Co. v. Burton, supra; Baltimore, etc., R. Co. v. Conoyer, supra.*

If there is any evidence to support each of the material allegations of the complaint upon which the verdict is rendered, this court cannot grant a new trial on the
7.   ground that the evidence was insufficient. *Robbins v. Spencer* (1895), 140 Ind. 483, 487; *Stanton v. Kenrick* (1893), 135 Ind. 382.

In view of the evidence before quoted, and the rule of law expressed, this court cannot say that there was no evidence tending to support the verdict; nor can it say, as a
10.   matter of law, that appellee was guilty of contributory negligence. This is so, notwithstanding appellee's own statement, that he stopped on the track, and was looking and listening for a train when hit by it. There was no evidence showing that appellant, at the time he stopped, knew that he was in fact stopping on the track, and the jury may have concluded from the other evidence in the case that, on account of the dark and stormy condition of the night, appellee did not know nor realize that his horses were on the track until it was too late to get off after discovering the approaching train.

There was also evidence by some of the witnesses to the effect that since the injury appellee's memory has been bad,

and his mind has been affected. It is so improbable that a person in his right mind would deliberately or knowingly stop his team upon the railroad track in front of an approaching train, that the jury doubtless concluded from the evidence that appellee either did not know that his team was on the track when he stopped, or that when he saw the approaching train he became excited, and in a moment of indecision stopped his team, not knowing whether to go forward or backward; or they may have concluded that, from lack of mind or memory, he failed to give an accurate account of what happened at the time of his injury. In any event, the jury had a right to take into account all the evidence as to the conditions and surroundings of appellee on the night of his injury—the darkness of the night, the wind and the rain, the obstructions to his view, the evidence upon the subject of the appellant's failure to give the statutory signals, the evidence that the train was moving down grade with little or no steam, and making no noise that could be heard any great distance, and that appellant was operating said train with a headlight that was calculated to mislead and deceive the traveler about to cross the tracks, rather than to warn him of the approaching train—these facts were all testified to by witnesses, and were proper matters to be considered by the jury in determining the proximate cause of the injury to appellee, and whether he contributed thereto. The conclusion to be drawn from this evidence was, to put it most favorably to appellant, one about which honest men might differ. In such case the verdict should not be disturbed by this court.

Reasons four, five and six for a new trial relate to the instructions given in the case. The ground for a new trial that calls in question the instructions given by the court on its own motion is joint, and is not argued by counsel. It is well settled by the decisions of this court and the Supreme Court, that unless all the instructions jointly alleged to be erroneous are bad, the contention that

one is bad is not available. *Central Union Tel. Co.* v. *Sokola* (1905), 34 Ind. App. 429; *Osborn* v. *State* (1905), 164 Ind. 262.

By their failure to argue any of the instructions given by the court upon its own motion, and to point out defects in any of them, counsel admit their correctness. *Young* v. *Montgomery* (1903), 161 Ind. 68; *Terre Haute, etc., R. Co.* v. *Brunker* (1891), 128 Ind. 542; *Louisville, etc., R. Co.* v. *Williams* (1898), 20 Ind. App. 576.

What we have said as to grounds for a new trial, relating to instructions given by the court on its own motion, applies with equal force to grounds therefor relating to the refusal to give those tendered by appellant. Instruction five, tendered by appellant and refused by the court, was in all its material and essential parts covered by instruction two, given by the court upon its own motion, and instruction six, given at the request of the appellant, so that there was no error in refusing instruction five. This being true, the joint assignment of error as to the instructions refused, under the authorities cited, would not avail counsel anything. But we have examined instruction seventeen, asked for by appellant and refused, and are of the opinion that no error was committed by refusing it, because so far as it was proper, and expressed an accurate statement of the law, it was covered by other instructions given by the court, and especially by instruction fourteen, given at the request of appellant. By ground four of its motion for a new trial, counsel assign as error the giving by the court of "each of the several instructions" requested by appellee. These instructions are lengthy, and we deem it unnecessary to encumber this opinion with a copy of them. Counsel's objection to appellee's first instruction—"that it failed to require the jury to find that when appellee looked and listened he failed to see and hear"—if tenable, is met by the clause, immediately following the requirement to look and listen, that required

the jury to find that appellee then "used care commensurate with the danger." There were also other instructions, given at the request of the appellant, that presented this phase of the case as favorably to appellant as the law warrants. Appellee's second instruction, complained of by appellant, sets out the act requiring the statutory signals, and comments thereon, which comments seem to be an exact copy of the expression of our Supreme Court in relation thereto, in the case of *Pittsburgh, etc., R. Co.* v. *Burton, supra,* at pages 375, 376. Instruction four, given at the request of appellee and complained of by appellant, is in substance an exact copy of an instruction held sufficient by the Supreme Court in the case of *Terre Haute, etc., R. Co.* v. *Brunker, supra,* at pages 551, 552, and is not subject to the objection urged by counsel. Instruction number six, in its essential features, is a copy of the language quoted with approval by this court in the case of *Louisville, etc., R. Co.* v. *Williams, supra,* at page 583.

We have examined all the instructions given in this case, and, taking them as an entirety, their statement of the law is substantially correct, and as favorable to appellant as the authorities warrant. The objections made thereto suggest no prejudicial error in giving or refusing to give any of them. We have considered all the errors assigned and discussed by appellant's counsel in its brief, and find that no error was committed that prejudiced the rights of appellant.

Judgment affirmed.

## ON PETITION FOR REHEARING.

HOTTEL, J.—A petition for rehearing has been filed in this case, supported by a brief more elaborate and covering more points than presented by appellant in its original brief herein. The earnestness and ability with which the questions involved in this petition have been ar-

gued by counsel on both sides, have led us to a careful re-examination of such of these questions as were presented by appellant in its original brief. We find no ground for changing the original opinion. We should say in this connection, however, that in this petition, counsel present some points not included in the original statement of points, nor referred to in the argument thereof, and which, under the rules of this court, cannot now be considered.

This is particularly true as to instruction four, tendered by appellee and given by the court. It is now insisted that this instruction is objectionable, because it authorizes the jury, in assessing damages, to include therein elements not within the issues and the evidence. The only objection urged to this instruction in the original brief was that by it (we quote from appellant's points and authorities) "the jury was directed to find for appellee, without being required to find that the negligence imputed to appellant contributed to or was the proximate cause of the injury." The instruction was not open to the objection then urged against it, and was approved only as against that objection. As against said objection, the instruction was a correct expression of the law, and was supported by authority, as shown in the original opinion.

A rehearing cannot be granted on a point not made nor referred to in the original briefs. *Cleveland, etc., R. Co.* v. *Lindsay* (1904), 33 Ind. App. 404; *Indiana Power Co.* v. *St. Joseph, etc., Power Co.* (1902), 159 Ind. 42; *Armstrong* v. *Hufty* (1901), 156 Ind. 606; *City of Evansville* v. *Senhenn* (1898), 151 Ind. 42.

Petition overruled.