NOVEMBER TERM, 1913. 347

Buttz v. Warren Mach. Co.—55 Ind. App. 347.

## BUTTZ v. WARREN MACHINE COMPANY.

[No. 8,111. Filed January 9, 1914.]

1. APPEAL.—*Decision.*—*Evidence.*—Where there is any evidence to support the decision of the trial court, a reversal on the ground of insufficient evidence will be denied. p. 348.

2. PRINCIPAL AND AGENT.— *Testimony of Agent.*— *Admissibility.*— The rule that the declarations of an alleged agent are not admissible against the alleged principal to prove the fact of agency does not disqualify an agent from testifying as to the authority given him by his principal, and the extent and character thereof, where such authority is verbal. p. 348.

3. APPEAL.—*Review.*—*Evidence.*—Where no objection was made to any evidence admitted on an issue, all the evidence in support of the decision of the trial court on that issue will be considered by the court on appeal. p. 348.

4. PRINCIPAL AND AGENT.— *Authority of Agent.*— *Evidence.*— *Sufficiency.*—The testimony of an agent that he had authority to purchase goods for his principal is sufficient to sustain a decision for plaintiff in an action against the principal for a breach of the contract of purchase. p. 348.

From Superior Court of Marion County (82,332) ; *Clarence E. Weir,* Judge.

Action by the Warren Machine Company against Frank C. Buttz. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Pritchard & Pritchard* and *Roscoe Maddox,* for appellant.

*Emsley W. Johnson, Orval E. Mehring* and *Everett M. Schofield,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor in the sum of $268 rendered in an action for a breach of contract for the purchase of certain tools to be used for the digging of deep water wells. The error relied on for reversal is the overruling of appellant's motion for a new trial. It is admitted in effect that the tools were purchased of appellee by a man in the employ of appellant by the name of Freeman, and appellant in his brief concedes that the "sole question" presented by his appeal "upon

348    APPELLATE COURT OF INDIANA,

Buttz *v.* Warren Mach. Co.—55 Ind. App. 347.

which he seeks a reversal of the finding and judgment below is that the agency of Mr. Freeman was not established by the evidence." In support of this contention appellant says that "there is not an item of evidence here as to the existence of any authority to purchase except the testimony of Freeman himself. He stands alone." This admission renders unavailing appellant's ground of appeal, because if there be any evidence to support the decision of the trial court on the question of agency, a reversal on account of the insufficiency of such evidence must be denied. *Chicago, etc., R. Co.* v. *Coon* (1911), 48 Ind. App. 675, 690, 93 N. E. 561, 95 N. E. 596, and authorities there cited. Appellant insists, however, that "the declarations of an alleged agent are not admissible against the alleged principal to prove the fact of agency." This general rule has been frequently announced and applied in cases involving agency; but appellant misconstrues its meaning if he understands that such rule disqualifies the agent from himself testifying as to the authority given him by his principal, and the extent and character thereof where such authority is verbal. *Wolf* v. *Smith* (1860), 14 Ind. 360; *Norden* v. *Duke* (1905), 106 App. Div. 514, 94 N. Y. Supp. 878; 1 Greenleaf, Evidence §416; Mechem, Agency §102.

In this case, it seems that no objection was made to any evidence admitted on the subject of agency and hence all the evidence on such subject in support of the decision of the trial court will be considered by this court. *Metropolitan Life Ins. Co.* v. *Lyons* (1912), 50 Ind. App. 535, 546, 548, 98 N. E. 824. The evidence on the subject of agency is sufficient to sustain the decision of the trial court. Mechem, Agency §§283, 284; *Wagner* v. *McCool* (1913), 52 Ind. App. 124, 100 N. E. 395.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 812.   As to admissibility of declarations of agent, see 131 Am. St. 306.   See, also, under (1) 3 Cyc. 360; (2) 31 Cyc. 1652;   (3) 2 Cyc. 693;   (4) 31 Cyc. 1667.