## Bankers Surety Company et al. v. German Investment and Securities Company.

[No. 23,245.  Filed February 5, 1920.  Rehearing denied April 22, 1920.]

1. APPEAL.—*New Trial.—Special Findings.—Sufficiency*—In determining the sufficiency of the special findings to support the conclusions of law, as against specifications in a motion for new trial that the decision of the court is not sustained by sufficient evidence and is contrary to law, the Supreme Court will review only such facts as are within the issues and necessary to uphold the conclusions of law.  p. 315.

2. APPEAL.—*Special Findings.—Sufficiency of Evidence.*—In determining the sufficiency of the evidence to support special findings of the trial court, the Supreme Court will consider only such evidence, and the reasonable inferences to be drawn therefrom, as tend to sustain the material findings.  p. 315.

3. PRINCIPAL AND AGENT.—*Special Agency.—Appeal.—Sufficiency of Evidence.*—In determining whether the evidence supports special findings that the defendant's general agent had special authority to borrow money on the defendant's credit, it is proper on appeal to consider not only the direct evidence but any evidence before the trial court tending to show the situation and circumstances at the time of the alleged transactions.  p. 320.

4. PRINCIPAL AND AGENT.—*Instructions of Principal to General Agent.—Admissibility to Prove Special Authority.*—In an action by an investment company to recover from a surety company

312     SUPREME COURT OF INDIANA,

Bankers Surety. Co. *v.* German Investment, etc., Co.—189 Ind. 311.

money advanced to its general agent to complete the contract of a defaulting contractor bonded by the surety company, the testimony of such agent as to insructions from the principal relative to the procuring of the money in controversy was not objectionable as being declarations and admissions of the witness to establish the existence of the agency or the extent of his authority, since it had reference to declarations and admissions of only the principal, the surety company, and was competent to show the company's relations with the agent. p. 321.

5. PRINCIPAL AND SURETY.—*Agent's Special Authority.—Sufficiency of Evidence.*—Testimony of a surety company's agent to the effect that, when it became necessary to have additional money to complete the work of a defaulting contractor, bonded by the defendant surety company, he went to the company's home office, informed the company's authorities of the need of additional money, which authorities instructed him to procure the money from the plaintiff as he had been doing, and that he then arranged with the plaintiff for procuring the additional money by the execution of notes on the company's credit, was sufficient to sustain a special finding that the agent had express authority to borrow the money and that the money was borrowed pursuant to such authority. p. 321.

6. PRINCIPAL AND AGENT.—*Agent's Declarations.—Admissibility to Prove Agency.*—The declarations of one assuming to act for another are not admissible as evidence to prove his agency or the scope of his authority. p. 322.

7. APPEAL.—*Admission of Evidence.—Agent's Declaration to Prove Agency.—Harmless Error.*—The testimony of the plaintiff's witness as to declarations made by one purporting to act as the defendant's agent in borrowing money on the defendant's credit, though inadmissible to prove the agency or scope of authority, of such person, was harmless, in view of other competent testimony of such agent showing fully his instructions from the defendant authorizing him to borrow the money. p. 322.

8. EVIDENCE.—*Checks.—Admissibility.—Money Had and Received.* —In an action by an investment company against a surety company for money advanced to the latter's agent on the defendant's credit, to be used in completing work of a defaulting contractor who was bonded by the defendant, the plaintiff's checks payable to the order of the defendant's agent were admissible, under a paragraph of complaint on the theory of money had and received for the defendant's benefit, as tending to show that the agent received the money. p. 322.

NOVEMBER TERM, 1919.                    313

Bankers Surety Co. *v.* German Investment, etc., Co.—189 Ind. 311.

9. PRINCIPAL AND AGENT.—*Ratification of Agent's Acts.—Sufficiency of Evidence.*—In an action by an investment company against a surety company to recover money borrowed by the latter's agent to complete the work of a defaulting contractor, bonded by the surety company, evidence that the defendant held the assessment roll covering the work under the original contract and also the prospective assessment roll for additional work in completing the contract for which the money was borrowed, and that the defendant had brought suit in the federal court against the city having the work done for money furnished. the contractors and used by them in paying for labor and material in furtherance of the contract, was sufficient to support a finding of ratification by the defendant of the agent's acts in borrowing the money.  p. 323.

10. APPEAL.—*Conflict in Findings.—When Harmless.*—Where an alleged conflict in the findings would affect neither the conclusions of law nor the. judgment, the existence of such conflict is not reversible error.  p. 324.

From Marion Superior Court (97,700); *Linn D. Hay,* Judge.

Action by the German Investment and Securities Company against the Banker's Surety Company and others.  From a judgment for the plaintiff, the defendant appeals.  *Affirmed.*

*Smith, Remster, Hornbrook & Smith* and *Gideon W. Blair,* for appellant.

*Florea & Seidensticker* and *Harvey & Austill,* for appellee.

MYERS, J.—Appellee brought this suit against appellants to recover $24,969.67 and interest, money alleged to have been loaned by it to appellants.. The complaint was in three paragraphs.  The first paragraph was for money loaned to the appellant Bankers Surety Company by appellee at various times, and in various amounts, as shown by a statement made a part thereof by exhibit and evidenced by promissory

notes made a part thereof by exhibits 1 to 56, inclusive. The second paragraph counted upon fifty-six promissory notes payable to appellee, each bearing a different date and aggregating $24,969.67, alleged to have been executed by appellant and the firm of Neisler and Shryer. The third paragraph proceeded upon the theory of an indebtedness by appellant to appellee on account of money had and received for the use and benefit of the Bankers Surety Company. The Bankers Surety Company answered in three paragraphs. The first was a general denial. The second and third were partial answers verified by its secretary, denying the execution of all promissory notes exhibited in the complaint other than exhibits 1 to 8, inclusive, calling for $7,525, and $475 included in exhibit 9, which was a note for $550. Appellee replied by a general denial, and also that the surety company, with knowledge of the facts, ratified the acts of its agent in borrowing the money from appellee and indorsing its name on each of the notes of which it now denies execution. The issues thus formed were submitted to the court, trial was had, and, at the request of the surety company, a special finding of facts was made and conclusions of law stated thereon. Judgment in favor of appellee for $37,507.23, of which $13,310.14 was without relief.

The overruling of the surety company's motion for a new trial is assigned as error, and is the only error relied on for a reversal of the judgment. The causes relied on by the appellant surety company in support of its motion are: (1) That the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law; and (3)

NOVEMBER TERM, 1919. 315

Bankers Surety Co. *v.* German Investment, etc., Co.—189 Ind. 311.

alleged erroneous rulings of the court in admitting and rejecting certain items of evidence.

From all that is said by the parties to this appeal, it may be taken as conceded that the decision of the court as shown by the special finding of facts 1. sustains the conclusions of law. But in this connection our attention is called to certain specific findings, eleven in all out of thirty-three, said to have no evidence to support them, or, in other words, that certain facts found within the issues essential to a recovery by appellee are unsupported by any evidence. It must be kept in mind that the motion for a new trial is in effect an attack on the facts specially found as a whole (*Weaver* v. *Apple* [1897], 147 Ind. 304, 46 N. E. 642), but that we are only concerned with such of these facts as are within the issues and necessary to uphold the conclusions of law. *Major* v. *Miller* (1905), 165 Ind. 275, 278, 75 N. E. 159; *Ginther* v. *Rochester, etc., Co.* (1910), 46 Ind. App. 378, 384, 92 N. E. 698. Also, in passing on the evidence 2. to support the court's decision, we consider only such evidence and the reasonable inferences to be drawn therefrom as tends to sustain the material findings. *Robinson & Co.* v. *Hathaway* (1898), 150 Ind. 679, 50 N. E. 883; *Heath* v. *Sheetz* (1905), 164 Ind. 665, 74 N. E. 505; *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479, 117 N. E. 527.

At this point a brief statement of the undisputed facts may be useful for a better understanding of the questions for decision. In the years 1908 and 1909 appellee was an incorporated company under the laws of Indiana and authorized to make loans. The Bankers Surety Company was also an incorporated com-

316     SUPREME COURT OF INDIANA,

Bankers Surety Co. *v.* German Investment, etc., Co.—189 Ind. 311.

pany under the laws of Ohio, and authorized to become surety on bonds of contractors for public and municipal work. On August 4, 1908, the firm of Neisler and Shryer entered into a contract with the city of Delphi for the construction of certain sidewalks, curbs, gutters, roadways, sewers thereunder, and, if required by the city, certain retaining walls. The amount of construction under this contract was to be determined by the city's civil engineer, but the price to be paid for such construction was a certain stated amount per lineal foot, per square yard, or per square foot, or per cubic yard, according to the actual amount thereof required and done. The contract contained a stipulation whereby the contractors agreed to pay any and all money due to any contractor, person or persons furnishing any material for the work, and to pay any laborers employed by them for any work done in the prosecution of the improvement. For the faithful performance of this contract the contractors executed a bond to the city of Delphi in the penalty of $8,000, with appellant surety company as surety thereon, conditioned for the full execution and completion of said contract according to the true intent and meaning thereof and the payment for all material and labor employed in connection therewith. The contractors entered upon the execution of the contract and did a large amount of work required thereby, and in so doing exhausted their finances and credit, and were unable to pay for labor and material variously estimated at from $6,000 to $8,000, and necessary to further execute the contract as originally contemplated. During all of the time covering these transactions and those hereinafter mentioned Orin

Walker was the general and duly authorized agent in and for the State of Indiana for the Bankers Surety Company in the general prosecution of its business in this state. That the surety company through its said agent borrowed from appellee at various times and in various amounts between October 20, 1908, and December 28, 1908, aggregating in all $7,525, for which promissory notes were executed to appellee by the firm of Neisler and Shryer and indorsed "The Bankers Surety Company, Orin D. Walker attorney in fact." That the sums so borrowed were by the agreement of the parties to be repaid to appellee by the surety company on demand, together with eight per cent. interest per annum thereon from the date of each respective item loaned. That Walker's act in making the indorsement on the first eight notes was pursuant to a power of attorney from the surety company authorizing him to borrow $8,000. That after the execution of the eight notes in all calling for $7,525 and $475, aggregating $8,000, which was received and expended by Walker in the prosecution of the work under the Delphi contract, and it was found that the retaining walls mentioned in the contract were necessary, and were ordered by the city of Delphi to be constructed, thereby increasing the cost of the work under the contract greatly in excess of the original estimate. That by reason of the additional work it was necessary to have an additional sum of money to carry on the work according to the contract and which work was being done and continued by the surety company's agent, and for that purpose the surety company's agent borrowed from appellee the various amounts alleged in the complaint, aggregat-

ing $16,458.75, all of which various amounts were borrowed from appellee between December 28, 1908, and November 13, 1909. That all of the money so loaned by appellee was paid by it to the surety company's agent and used by its agent in paying for labor and material in completing the work under the Delphi contract. That about one year after the last loan was made and before the commencement of this suit the appellee demanded of the surety company the payment of all the notes and the money so loaned by it to the surety company. That all of the money so used by the surety company's agent on account of the Delphi work was borrowed from appellee, and no part thereof has been repaid. That after the completion of all work in compliance with the contract the surety company procured to be made to itself by the firm of Neisler and Shryer, for its protection, the prospective assessment roll which under said contract was to be made by the city of Delphi which assessment roll the surety company still holds.

There is no serious controversy over the surety company's liability to pay the first $8,000 borrowed from appellee, but as to any further liability to appellee it earnestly denies. Hereafter our attention will be directed exclusively to matters involving the alleged indebtedness of the surety company over and above $8,000. In respect to this indebtedness, it insists that certain findings are not supported by the evidence, and that certain evidence was improperly admitted. These contentions will be considered together.

Appellant insists that, while Walker was its general agent for the purpose of conducting its surety

NOVEMBER TERM, 1919.        319

Bankers Surety Co. *v.* German Investment, etc., Co.—189 Ind. 311.

business in the State of Indiana, and matters necessarily incident thereto, yet such agency would not authorize him to borrow money on its credit, even though such money was for the purpose of completing a contract of a defaulting contractor on whose bond for the performance of such contract it had become surety.

The authority of Walker to borrow the money on the credit of appellant is the vital question. As we read the record in this case, the above claim of appellant may be admitted, and still there would be a clear liability on its part to the appellee for the repayment of the money received by Walker in excess of the $8,000.

Conceding that Walker, as general agent of appellant, had no authority to borrow the money, a question on which we express no opinion, we may then look to the claim of special authority which appellant denies on the ground that there is no competent evidence in the record showing special authority, nor that the acts of Walker in borrowing the money were at any time ratified by it. Appellant further contends that the trial court's conclusions of law holding it liable for the money alleged to have been borrowed in excess of the $8,000 rests alone upon Walker's authority as general agent. We do not so construe the trial court's findings, nor do we believe the evidence warrants such a limitation to be placed upon them, nor can we agree with appellant that there is no evidence showing special authority from it to Walker to borrow the money in question, nor that there is no evidence to show ratification.

In determining whether or not the evidence sup-

ports the findings, it is proper to consider not only
the direct evidence, but any evidence before
3.   the trial court tending to show the situation
and circumstances present at the time of the
alleged transactions.   It appears that Neisler and
Shryer's contract stipulated that they should pay all
bills for material and labor, and the penalty of the
bond securing the performance of that contract was
$8,000.   Prior to the transactions in question, the
surety company confessedly, by Walker, borrowed
from appellee $8,000, and expended the same under
the direction of Walker in the prosecution of the first
instance work, but with this expenditure the full
scope of the contract was not completed, nor can it
be said that by the expenditure of the $8,000, as was
done, its liability on the bond was terminated.   *Aetna
Indemnity Co.* v. *Indianapolis, etc., Fuel Co.* (1912),
178 Ind. 70, 98 N. E. 706; *Fidelity, etc., Co.* v. *Ameri-
can Blower Co.* (1918), 41 Ind. App. 620, 84 N. E. 555.

There is no doubt that Walker, to the knowledge
of appellant, looked after paying the bills incurred
on account of the original as well as the additional
work from the time the contractors became financially
unable to proceed with it.   No person, other than
Walker, at any time, assumed to act in this matter
for the company.   Walker testified that when the
necessity for additional money for the prosecution
of the additional work ordered arose, he went to
Cleveland, and, at the home office of the company he
laid before its committee in charge of matters of
this character the necessity for additional money, and
by that committee he was instructed to go ahead and

do as he had been doing. That it would be better for him to get the money from appellee than for the surety company to advance it. That he should go ahead and get what money was needed to carry out the contract, but nothing was said about what papers he was to execute for the funds. He returned to Indianapolis, saw the treasurer of appellee, and arranged to get the money to carry out the contract. As the money was needed, notes were taken to the office of appellee and indorsed as was previously done; checks for the money were received by him and cashed, and the money used to pay for labor and materials on the Delphi work.

The objections to this evidence were not well taken, for the reason that it cannot be classed as admissions and declarations of an alleged agent for the purpose of proving either the existence of the agency or the extent of his authority, as it had reference to the declarations and admissions only of the principal which were competent evidence against it to show its relations with Walker who might properly testify to them. 1 Clarke and Skyles, Law of Agency p. 170, §67; *Wolf* v. *Smith* (1860), 14 Ind. 360; *Buttz* v. *Warren Machine Co.* (1914), 55 Ind. App. 347, 103 N. E. 812.

Walker's evidence, which is corroborated by many circumstances, is sufficient to sustain the finding of the court that he had express authority from appellant to borrow the money necessary to complete the work, and that the money was borrowed pursuant to the authority thus conferred.

Mr. Seidensticker, treasurer of appellee, was permitted to testify, over the objection and exception of

322    SUPREME COURT OF INDIANA,

Bankers Surety Co. *v.* German Investment, etc., Co.—189 Ind. 311.

appellant, that Mr. Walker came to him and 6. said that he had been to Cleveland, and that they had authorized him to borrow additional money. This evidence was not admissible, for the reason that the declarations of a person assuming to act for another are not admissible to prove his agency or the scope of his authority. *Blair-Baker Horse Co.* v. *First Nat. Bank* (1905), 164 Ind. 77, 83, 72 N. E. 1027; *Cleveland, etc., R. Co.* v. *Closser* (1890), 126 Ind. 348, 26 N. E. 159, 22 Am. St. 593, 9 L. R. A. 754; *Indiana Union Traction Co.* v. *Scribner* (1911), 47 Ind. App. 621, 93 N. E. 1014. However, the admission of this testimony cannot be regarded as 7. reversible error, in view of Mr. Walker's evidence, which stated fully the instructions which he received at the home office of appellant with reference to borrowing additional money with which to complete the additional work.

The notes and the indorsements thereon identified as exhibits 9 to 56, inclusive, being the notes executed for money loaned in excess of the first $8,000, were introduced in evidence over the objections of appellant. Whether this ruling was right or wrong, it was not reversible error, for it affirmatively appears from the record that appellant was not thereby harmed. The court found that these notes were not binding obligations of appellant, but it did find in favor of appellee for the money loaned after January 14, 1909, with six per cent. interest thereon.

Under the theory of the third paragraph of complaint the checks of appellee for the various amounts of money and payable to the order of "O. D. 8. Walker, Agent," were properly admitted in evidence as tending to show that Walker received the money.

Appellant also insists that its failure to execute an additional power of attorney was sufficient to warn appellee not to furnish any more money on its account. Whatever inference this fact might authorize, it must be taken in connection with the fact that the power of attorney mentioned had reference only to the indorsement of notes, and to that extent only could it serve any purpose in future transactions as to the question of the diligence of appellee. In view of our conclusion that Walker was expressly authorized by appellant to borrow the money on appellant's credit, the question of diligence becomes unimportant and of no controlling influence.

The court found that the surety company had ratified the acts of Walker, in borrowing the money from appellee, and this finding is challenged for the 9. want of evidence. It appears from the evidence that appellant is now holding the assignment of the prospective assessment roll, covering not only the work done under the original contract, but also an assignment of the prospective assessment roll for the additional work done in completing the second award. Also, that on January 30, 1911, in the District Court of Indiana, suit was brought by appellant against the city of Delphi demanding $40,000 on account of money alleged to have been furnished by it to the contractors of the Delphi work and by them used in paying for material and labor in the furtherance of the contract. These and other facts shown in evidence are clearly sufficient to support a finding of ratification.

In conclusion, appellant insists that certain findings of the court are in irreconcilable conflict with certain

other findings, and because of such conflict the judgment cannot stand. In support of its position it cites, among other cases, *Learned* v. *Castle* (1889), 78 Cal. 454, 18 Pac. 872, 21 Pac. 11; *Whalen* v. *Stuart* (1909), 194 N. Y. 495, 87 N. E. 819, holding that, when findings as to matters material to the merits and essential·to support the judgment are in irreconcilable conflict with other findings which would overthrow it, then the judgment should be reversed. The cases to which we are· referred do·not rule the instant case, for the reason that neither the conclusions of law nor the judgment would be affected by the claimed conflict.

If we are correct in holding that the evidence supports the finding that Walker was authorized by appellant to borrow the money and proceed with the work, and also that appellant ratified the acts of Walker in borrowing the money and completing the work, then in either event the conclusions of law would be with appellee, and the judgment should stand.

Finding no reversible error in the record, the judgment is affirmed.

Harvey, J., not participating.