May Term, 1852.

CONAWAY
v.
SHELTON.

---

## CONAWAY *v.* SHELTON.

In an action for the breach of a promise of marriage, the plaintiff may prove by parol that letters passed between the parties, without producing the letters.

Instructions to the jury should not assume that facts recapitulated in them have been proved.

The plaintiff's attorneys in the present cause having been improperly allowed to argue to the jury that the fact of the defendant's having procured a change of venue was a circumstance which should weigh against him, the defendant asked the Court to instruct the jury that they had nothing to do with that fact, and that it could not properly prejudice the defendant or his cause. *Held*, that the instruction should have been given.

Case for the breach of a promise of marriage. Pleas, 1. The general issue; 2. That when the promise was made the defendant was an infant. Replication to this plea, that the defendant ratified the promise after attaining to majority, and issue thereon. After the evidence was heard, the defendant asked the Court to instruct the jury that, if the defendant was an infant when the plaintiff assumed that the promise was made, to find him guilty they must find that the promise was made while he was under age, or they could not inquire as to what he had said or done, after he became of age, that might look like a ratification of the contract. *Held*, that the instruction was properly refused.

Where there is evidence before the jury tending to establish a fact, it is the duty of the Court, where a specific instruction, correct in point of law, is asked for in relation to the fact, to give it.

*Thursday,
May 27.*

ERROR to the *Henry* Circuit Court.

PERKINS, J.—This was an action on the case commenced in *Rush* county by *Phebe Ann Shelton*, by her next friend, *Benjamin C. Plummer*, against *Charles Conaway*, to recover damages for the breach of a promise of marriage.

Pleas, the general issue, and a plea that the defendant, at the time of making said promise, was an infant. Replication to the plea of infancy, that the defendant ratified said promise after arriving at majority. Rejoinder, that the defendant did not so ratify. Issue. At this point a change of venue was granted, on the application of the defendant, to *Henry* county. The cause was there tried by a jury and the plaintiff obtained a verdict and judgment for 1,500 dollars. A new trial was denied.

On the trial the plaintiff was permitted to prove that letters had passed between herself and the defendant; and it was objected that this should not be done unless the letters themselves were produced in evidence.

We think the plaintiff had a right to prove by parol the fact that letters had passed between the parties. After having proved the existence of the letters, it was at her option to introduce them or not in evidence, or to prove their contents or not if they were lost. If the contents of the letters were not introduced in evidence, the fact of their existence would pass for what it was worth; but its force as tending to prove a marriage contract would be diminished, if not destroyed, by the contents of the letters being withheld.

The Court gave this instruction to the jury, the defendant objecting:

"It was not necessary that the plaintiff should prove an express promise on her part to marry the defendant; but it may be inferred from the fact of her making no objection at the time, carrying herself as one consenting and approving, receiving his visits as a suitor, writing letters to him, and such like circumstances, indicating her assent. Her readiness and willingness to perform may be proved by her conduct and expressions and preparations for the marriage."

The fault found with this instruction is, that it assumes the facts recapitulated in it to be proved, and we think the jury might so have understood it. The jury are the sole judges of what facts are proved to them in a cause; and, in this case, the Court should have charged hypo-

thetically, saying to them that if they found that such and such facts were proved, they might find a promise, &c.

The Court refused the following instruction:

"The jury have nothing to do with the fact that this case has been brought here on change of venue from the county of *Rush*. There is nothing in that fact that can legitimately prejudice the defendant or his cause."

This instruction should have been given. The attorneys for the plaintiff below should not have been permitted to use the fact of such change in argument.

The defendant asked an instruction as follows:

"In this case, if the jury believe from the evidence that the defendant, *Conaway*, was under age at the time the plaintiff assumes the contract was made, to find the defendant guilty, they must find that the contract was made by him while he was under age, or they have no inquiries to make as to what he may have said or done after he came of age that may look like a confirmation or ratification of the contract, for there is none in that case to ratify."

There was no error in refusing this instruction.

Looking at it in reference to the trial upon the general issue, it was wrong; for a promise made after the defendant was of age, without any reference to a previous one while a minor, would support the plaintiff's case under that issue.

Looking at it in reference to the trial upon the issue on the replication to the plea of infancy, it was wrong; for the defendant, by that plea, admitted the original promise while a minor, and nothing remained to be proved but the ratification.

The following instruction was refused on the ground that there was no evidence to which it could be applicable:

"Should the jury find, from the facts in evidence, that the case is made out, and that there was also seduction, it will be the duty of the jury to take into consideration, in mitigation of damages, any evidence that may appear of the easy virtue, want of chastity, or improper conduct, on

the part of the plaintiff, at the time, or after the contract was made."

The only evidence that would render the instruction relevant, was, that "the plaintiff's child was begotten at the defendant's second visit to her as a suitor, (the first having been some five months previous,) in her mother's room where the whole family were sleeping, and within arm's length of where the plaintiff's sister was, at the time, sitting with her suitor, though it is not asserted that the two latter knew of the sexual intercourse by which said child was begotten."

Where there is any evidence tending to establish a fact, its weight is for the jury, and it renders instructions upon the point relevant. We think the facts above stated amounted to some evidence for the consideration of the jury and that the instruction should have been given (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. D. Logan* and *S. W. Parker*, for the plaintiff.

*J. Robinson*, for the defendant.

(1) See *Taylor* v. *Hillyer*, 3 Blackf. 433.