THE BOARD OF TRUSTEES OF THE WABASH AND ERIE CANAL v. REINHART.

CONTRACT—LEASE OF WATER POWER.—Where successive leases of water power on the *Wabash and Erie Canal* are executed by the trustees thereof to different persons, and the water in the canal proves insufficient to supply the requisite amount to all the lessees, but is sufficient to supply some of them, the lessees should be supplied in the order in which the leases are executed.

EVIDENCE.—The best existing evidence of a fact must be produced to prove it; and therefore parol evidence of the contents of a record is not admissible; but, where the record or document is not a part of the fact to be proved, but is merely a collateral or subsequent memorial of the fact, parol evidence of such fact may be given.

APPEAL from the *Cass* Circuit Court.

PERKINS, J.—In 1846, the State of *Indiana*, by *Stearns Fisher*, her agent, made a lease of water power on the *Wabash and Erie Canal*, at *Delphi*, to one *Robertson*, to this extent, viz: " The use, &c., of so much of the surplus water, not required for the purposes of navigation, &c., as will be sufficient to propel a paper mill, not requiring more than four standard powers," &c.

The canal, water power, water rights, &c., subsequently passed to the Board of Trustees, &c., and the lease to *Robertson* passed by assignment to the plaintiffs.

The assignment was not approved by the chief engineer till some time after it was made, but the approval, when made, related back to the time of the assignment. *Ashley* v. *Eberts*, ante, 55. After the foregoing lease was executed, others were successively made to different parties.

When the supply of water began to decline, in the dry season, the mills on the canal had to stand idle more or less of the time for want of water; and the question in this case

is, whether, when the water not needed for navigation, became insufficient to propel all the mills at *Delphi*, erected, under leases, upon it, the surplus of water was to be supplied to all the mills equally, or to be supplied, first to the mill of the first lessee, and then, if any yet remained, that to be supplied to the mill of the second lessee; in other words, whether, as the water failed, the mills were to stop in the inverse order of the leases, or *pro rata*, if we may use that term.

The Court below held that the mills were to stop in the inverse order of the leases. After considerable reflection, and some doubt, we have come to the conclusion that the Court was right. As matter of law, we think such was the operation of the successive leases; and we do not discover anything in the statutes controlling that operation, as governed by general legal principles. This being so, the simple facts that the Trustees made subsequent leases at the request of prior lessees, and that the rents would facilitate the collection of a debt by such prior lessees, could not change the legal effect of the leases, nor the rights of successive lessees.

The defendants below, the Trustees, set up a claim against the plaintiffs for the use of extra water, for power used in excess of the lease. As a fact tending to rebut the validity of the claim, the plaintiffs proved, by parol, that they had had transactions with the defendants, the Trustees, had passed receipts, and that the defendants, the Trustees, had not, before this suit, set up any claim for the use of extra water. The defendants then asked the witness, who stated the foregoing facts, if the transactions mentioned were not suits of which records existed, &c., and the witness answered that they were, whereupon the defendants moved that the entire statements of the witness be rejected as evidence, which motion the Court overruled.

It is a general rule that the best existing evidence of a fact must be produced to prove it; and where the matter to be

proved is the contents of a record, or the terms of a written contract, and they are in existence, the record and contract are the best evidence. In this case, it was not the contents of a record or contract of which proof was given, but the fact that the defendants had never before, nor at certain times in particular, claimed pay for the use of extra water; and we think that fact might be proved by parol, even though, as to the particular times, there might be record evidence. Thus, says *Mr. Greenleaf,* "where, however, the record or document appointed by law, is not a part of the fact to be proved, but is merely a collateral or subsequent memorial of the fact, such as the registry of marriages and births, and the like, it has not this exclusive character, but any other legal proof is admitted." 1 Greenl. Ev. p. 125. See, also, sections 89, 90, 92 and 97 of the same volume; 3 Ind. 334.

*Per Curiam.*—The judgment below is affirmed, with 1 per cent. damages, and costs.

*D. D. Pratt,* for the appellant.