Filed April 19, 1894.

---

No. 16,775.

UHL *v.* MOORHOUS, TREASURER OF WHITE COUNTY, ET AL.

EVIDENCE.—*Deed.*—*Execution.*—*Parol Evidence.*—The fact of the execution of a deed, and other acts concerning it which are independent of its contents, may be shown by parol evidence.

SAME.—*Real Estate.*—*Ownership.*—*Proof by Parol.*—Ownership of real estate may be proved by parol evidence where no objection is interposed; if there be objection, it can only be proved by the deed.

From the White Circuit Court.

*E. B. Sellers, W. Guthrie* and *W. S. Bushnell*, for appellant.

*W. S. Hartman* and *W. H. Hamelle*, for appellees.

HACKNEY, J.—The appellant sued to enjoin the enforcement of an assessment for the construction of a public drain through his lands. The only defect in the drainage proceeding alleged as a cause for injunction was that the owner of the lands, at the time of said proceeding, was not a party to, and had no notice of, the proceeding.

It is the rule of this case that it was necessary to the validity of said assessment that notice should have been given to the actual owner of said lands. *McCollum* v. *Uhl*, 128 Ind. 304.

In the trial it was admitted that in 1872 one George Uhl was the owner of the lands by proper deed of record. The proceeding to establish the drain was com-

menced in December, 1878, and the order establishing it was made in June, 1879. The notice of the proceeding, as given with reference to this land, was to Elizabeth Reed and others named, heirs of Alfred Reed.

The appellant claims title through a sale for taxes delinquent in the name of said Reed heirs, a foreclosure of the tax lien by the purchaser and a purchase by him at the sheriff's sale upon such foreclosure. It appears that in said foreclosure proceeding George Uhl and the Reed heirs were made parties.

George Uhl, on behalf of the appellees, testified, without objection, that he had owned the tract in question, that he had sold the same to Alfred Reed in the year 1873, and that Alfred Reed died in October, 1873.

Over the objection and exception of the appellant, he was permitted to testify that he had made a deed to Alfred Reed, his wife joining therein; that as auditor of the county he had made a transfer of the land for taxation from his own name to that of Alfred Reed; that it remained on the tax duplicate in the name of Alfred Reed, or Alfred Reed's heirs, from the time of said deed up to the time of the sale for delinquent taxes, and that from the time of executing said deed he had not owned the land.

The matters so testified, over objection, are urged to have been improper for the reason that the deed was the best evidence of the facts, and the deed not being in evidence, and its loss not established, its contents could not be proved by parol.

We do not concur in the assertion that the matters so testified are of the contents of the deed. They are, each and all, acts independent of the deed, though as to the execution of a deed to Alfred Reed, the fact could have been proven, also, by the deed. In this respect the question does not differ from those cases holding that

parol evidence is admissible to prove the payment of a written contract where a receipt has been executed; that an agent has been appointed, though the appointment is in writing; a birth or marriage, where there is a public record of the fact; that a dog has been registered for taxation, etc. *Hewitt* v. *State*, 121 Ind. 245; *Coonrod* v. *Madden*, 126 Ind. 197; *French* v. *Frazier*, 7 J. J. Marsh. (Ky.) 425; *Daniel* v. *Johnson*, 29 Ga. 207; *Nixon* v. *Brown*, 4 Blackf. 157; Wood's Prac. Ev., 4, and authorities there cited.

For the appellant, it is insisted that the evidence showed title in George Uhl before the ditch proceeding, and that he holds the next link in the chain of title; that no notice having been given to George Uhl or to the appellant, the injunction should have been granted, unless the appellees succeeded in showing title in the Reeds, who were notified of the proceeding; that the evidence, altogether, did not establish title in the Reeds at the time of the notice, for the reason that the deed from George Uhl was not in evidence, nor was its loss proven and the contents given.

For the appellee, it is contended that the title was not directly in issue, and was but an incident to the question of ownership.

We have cases holding that where the contents of an instrument are not directly in issue, but arise collaterally, or as a mere incident to the issue, such contents may be proven by parol. *Conway* v. *Shelton*, 3 Ind. 334; *Board, etc.*, v. *Reinhart*, 22 Ind. 463; *Carter* v. *Pomeroy*, 30 Ind. 438; *Stanley* v. *Sutherland, Admrs.*, 54 Ind. 339; *Hazzard* v. *Duke*, 64 Ind. 220.

While there may be a distinction between the issue of ownership and that of title, so as to make these cases apply here, we do not deem it necessary to so decide. Here the title and ownership were admitted to be in

George Uhl in the year 1872, and, without objection, it was proven that he sold this particular tract, described by the evidence, to Alfred Reed, in the year 1873, and it was further proven, by competent evidence, as we have held, that he executed to said Reed a deed of conveyance, and upon the tax duplicates, as auditor, he transferred the land to Reed's name for taxation; that it remained upon the duplicates in Reed's name until in March, 1885, when it was sold for the delinquent taxes of Reed.

These facts, undisputed, were held sufficient to establish Reid's ownership at the time of the drainage proceeding. If the land had not been identified by the evidence so introduced without objection the case would have presented a different question, but, a sale of this particular tract, a deed of conveyance, a transfer upon the tax duplicates tended to support and, in our opinion, justified the conclusion that the conveyance was of this particular tract.

It is certainly an error to suppose that ownership may not be proven by parol where no objection is interposed. Here no objection was made to the only branch of the testimony, which otherwise could have been proven only by the deed.

We have not considered the effect of the purchase by the appellant with constructive knowledge of the fact that the land stood for twelve years in the name of Reed or his heirs upon the tax duplicates; that it was sold for the delinquent taxes of the Reeds, and that they were parties to the record of foreclosure under which he claims title. Whether this knowledge put him upon inquiry as to the interest of the Reeds and the sufficiency of the notice of the ditch proceeding as to them, we need not decide.

There is no error in the record, and the judgment of the circuit court is affirmed.

Filed April 26, 1894.