## LITTLER ET AL. *v.* ROBINSON.

[No. 5,653. Filed May 29, 1906.]

1. TRIAL.—*General Denial.—Burden of Proof.*—Where defendant enters a general denial to plaintiff's complaint, the burden is upon plaintiff to prove the material allegations of his complaint. p. 108.

2. APPEAL AND ERROR.—*Trial.—Incompetent Evidence.*—The Appellate Court will not disturb a judgment resting upon incompetent evidence admitted without objection. p. 108.

3. EVIDENCE. — *Parol.* — *Real Property.* — The location of real property may be proved by parol, and, if there be no objection, title to real property may be so proved. p. 108.

4. NEW TRIAL.—*Insufficient Evidence.—Title.*—Evidence showing that defendant owned a farm about two miles north of a certain place; that it was the only farm he owned; that he leased a part of his lands for oil and gas purposes and that the transfer records showed that he owned lands in the section claimed, sustains a finding that defendant owned a part of the southeast quarter of section twenty-eight, township twenty-three north, range nine east. p. 108.

5. LIENS.—*Laborers'.—Foreclosure.—Title.*—In order to foreclose a laborer's lien against the owner of lands for work in drilling a gas-and-oil well it is necessary to show that such owner or his agent employed plaintiff to do such work. p. 109.

6. NEW TRIAL.—*Foreclosure of Laborers' Liens.—Personal Judgment.*—In a suit to foreclose a laborer's lien it is erroneous to render a personal judgment against the owner of land where such owner did not employ plaintiff to do the work sued for. p. 109.

From Wells Circuit Court; *Edwin C. Vaughn,* Judge.

Action by Melvin D. Robinson against Joseph W. Littler and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*Dailey, Simmons & Dailey,* for appellants.

*A. R. Long, W. H. Eichhorn* and *G. A. Matlack,* for appellee.

MYERS, J.—This is an action instituted in the Grant Circuit Court by appellee against appellants and George M. Catterson, and the Matthews Drilling Company, to recover for work and labor performed in drilling a natural gas or oil well, and to foreclose a mechanic's lien on the land on which the well is located. The venue was changed to the Wells Circuit Court, where the cause was tried by the court, and personal judgment rendered against all the defendants for $176.50, and judgment foreclosing a mechanic's lien as to all interest or title of each of the defendants to the land. A complaint in one paragraph and separate denials by appellants formed the issues. The other defendants defaulted.

The complaint in substance avers, that on January 14, 1904, appellant Joseph W. Littler was, and still is, the owner of certain described real estate in Grant county; that appellant William H. Huffman, then operating under an oil-and-gas lease from said Littler, contracted with Catterson and the Matthews Drilling Company to drill a gas or oil well upon said land; that on said day appellée and Catterson entered into a contract by which appellee agreed to work on said well for $5 per day; that his services were of that value; that he worked on the well for thirty and one-half days, and the same was not completed within that time; that on February 9, 1904, and within sixty days after said labor was performed, appellee filed in the recorder's office of Grant county a notice of his intention to hold a lien upon said land, as well as upon the well, pipe, casing and tubing, for the amount of his claim; also averring the amount due, and that it is unpaid. A description of the real estate is given, and a bill of particulars and copy of the notice is made a part of his complaint by exhibits. The

complaint also contains averments relative to the collection of attorneys' fees for his attorneys in the foreclosure of said lien.

The overruling of the separate motion of each appellant for a new trial is assigned as error, and the only questions presented for our decision arise under this assignment. Both motions are based upon the same reasons, and are as follows: (1) The decision of the court is not sustained by sufficient evidence. (2) The decision of the court is contrary to law.

The evidence shows a notice of a mechanic's lien filed by appellee, directed to the Matthews Drilling Company, George M. Catterson, Joseph W. Littler, William H. Huffman, and all others concerned, whereby appellee gave notice of his intention to hold a mechanic's lien on the southeast quarter of section twenty-eight, township twenty-three north, range nine east, in Grant county, Indiana; also on the drilling machine on the land, as well as upon the oil-wells, pipes, casing, tubing and pipe-lines connected thereto, recently erected thereon by the Matthews Drilling Company and William H. Huffman, for the sum of $151.50, for work and labor done and materials furnished by him in the erection and construction of said well, etc. Appellee testified that he was acquainted with William H. Huffman, Joseph W. Littler and George M. Catterson, and that Catterson was connected with the Matthews Drilling Company; that under an employment by Catterson he worked thirty and one-half days on an unfinished well located on the land of Joseph W. Littler; that his work was that of a driller, and he had charge of the tools used in drilling the well; that while he had no special contract with Catterson or the Matthews Drilling Company as to the price he was to receive per day for work on that particular well, he was in their employ, and had been receiving $5 a day, and, without anything being said to the contrary, he went on

with this work; that his services were fairly worth $5 per day; that for his services on that well he received $1, and that $151.50 was due and unpaid; that the well was drilled on the farm on which Littler resided; that Littler owned no other land in that section; that the work of appellee was performed on well No. 2, and was the only well drilled on that farm by the Matthews Drilling Company; that he was unable to state the section, township and range in which said farm was located, but that it consisted of about 160 acres, and was located about two or two and one-half miles north of the town of Matthews. W. D. Friend, a witness, testified as to the value per day of appellee's services. A. R. Long, a witness, testified that he was acquainted with Joseph W. Littler, and located the Littler farm about two miles north of Matthews; did not know what section it was in, but thought it was the only land Littler owned in that county, and contained about 159 acres.

A statement from the county auditor of Grant county was introduced in evidence. By this statement such officer certifies that the transfer books of Jefferson township, Grant county, Indiana, showing the transfers of the real estate in that township for the years 1880 to 1885, inclusive, show the "S. E. fractional 28-23-9-146.60 acres" in the name of Joseph W. Littler, "and that the title of said land, as shown above, has been so carried and transferred in the name of Joseph W. Littler, from each succeeding record of transfers from time to time, until this date, and now remains of record in the name of said Joseph W. Littler on the transfer books in my office. In testimony, * * * October 21, 1904." Following the above certificate, an oil-and-gas lease, of date October 15, 1896, was introduced in evidence. This lease is from Joseph W. Littler and Sarah E. Littler to William A. Walley, duly acknowledged and recorded February 22, 1897, in the recorder's office of Grant county, Indiana, describing land situated in Jefferson township, Grant county, Indiana, as

the east half of the southeast quarter of section twenty-eight, township twenty-three north, range nine east. The record also shows an assignment of this lease by Walley to the Consumers Gas Trust Company, which assignment was duly acknowledged and recorded February 22, 1897, in miscellaneous record No. 19, Grant county, Indiana. The above is substantially all the evidence given in this cause.

I.   In considering the question of the sufficiency of the evidence to support the decision of the trial court, it is to be remembered that the general denials placed upon appellee the burden of proving all the material allegations of his complaint by competent evidence. *City of LaFayette* v. *Wortman* (1886), 107 Ind. 404, 409.

But if such allegations be proved by incompetent evidence, admitted without objection, due credit will be given such proof on appeal. *Graves* v. *State* (1889), 121 Ind. 357; *Pichon* v. *Martin* (1905), 35 Ind. App. 167.

If no objection be interposed, ownership of real estate may be proved by parol (*Uhl* v. *Moorhous* [1894], 137 Ind. 445), and the location of real estate may be established by parol (*McKeen* v. *Haskell* [1886], 108 Ind. 97).

(a) Appellant insists that there is no evidence to show that Littler owned the real estate described in the notice of lien. Keeping in mind that this court can consider only questions of law, and that such questions, on the sufficiency of the evidence, only arise when there is no evidence to support an essential fact upon which the decision of the court rests, we are of the opinion that inferences of fact may be drawn from the evidence in this case warranting us in ruling against appellants in this particular. *Botkins* v. *State* (1905), 36 Ind. App. 179.

But, in order to sustain a judgment foreclosing the fee-simple title, it was necessary for appellee to show, not only

that Littler owned the real estate described in the notice of lien, that an oil or gas well was drilled thereon, and that he performed work and labor in drilling such well, but he must further show that the well was being drilled pursuant to some authority emanating from the owner of the land or his agent, or, as in this case, some traceable connection between Catterson and Littler, whereby the well was drilled in pursuance of a contract, either expressed or implied, by the latter. *Coburn* v. *Stephens* (1894), 137 Ind. 683, 45 Am. St. 218; *Adams* v. *Buhler* (1888), 116 Ind. 100; *Ogg* v. *Tate* (1875), 52 Ind. 159; *Colter* v. *Frese* (1873), 45 Ind. 96, 101; *Clark* v. *Maxwell* (1895), 12 Ind. App. 199.

There is absolutely no evidence in this case showing that Littler, either directly or indirectly, by agent or otherwise, authorized Catterson or the Matthews Drilling Company to go upon his land and sink a well. There is no evidence showing that Littler had any knowledge that a well was drilled on his land. True, the evidence exhibits a lease from Littler to Walley and by Walley assigned to the Consumers Gas Trust Company, but there is not the slightest evidence that the trust company contracted with Catterson or the Matthews Drilling Company or with any one else for a well upon the Littler land. Therefore, under the evidence in this case and the well-settled law as announced in the several cases last-above cited, we must conclude that the decision of the court as to Littler is not sustained by sufficient evidence.

(b) There is no evidence connecting appellant Huffman with the transaction.

II. Appellants contend that the judgment is contrary to law, and this contention must be sustained. The court rendered a personal judgment against both these appellants. The theory of the complaint does not authorize a personal judgment against either of these parties. As stated by appellant, the complaint proceeds

upon the theory that appellant Littler owned certain real estate described in the mechanic's lien; that appellant Huffman, operating under an oil-and-gas lease from said Littler, contracted with the defendants, Catterson and the Matthews Drilling Company, to drill a gas or oil well upon said land, and that said Catterson employed appellee to do certain work upon said well. From these facts it is clearly apparent that the pleadings in this case do not authorize the judgment as rendered against these appellants.

Judgment reversed, with instructions to the trial court to sustain the motion of each appellant for a new trial.