SUIT *v.* HERSHMAN ET AL.

[No. 9,497.   Filed January 11, 1918.]

1. APPEAL.—*Review.—Evidence.—Sufficiency.*—The decision of the trial court will not be disturbed on appeal for insufficiency of evidence, if there is any evidence tending to support it.   p. 389.

2. APPEAL.—*Reserving Questions for Review.—Evidence.—Admissibility.—Necessity of Objection.—Waiver of Question.*—The court on appeal is not called upon to determine whether the circumstances and purposes for which an abstract of title was introduced in evidence, in an action in ejectment, were such as to render it admissible in the absence of timely objection, since the question was waived by failure to object.   p. 390.

3. TRIAL.—*Admission of Improper Evidence Without Objection.—Consideration.*—Where a party permits evidence on a material issue to be introduced without objection, he cannot urge on appeal that it is insufficient to sustain the trial court's finding, the probative value of such evidence being for the court and jury trying the issue of fact, although it might have been excluded if timely and proper objection had been made.   p. 391.

4. APPEAL.—*Trial.—Admission of Improper Evidence Without Objection.—Consideration.*—In an action to recover possession of land, where an abstract of title was introduced in evidence without objection, the trial court was authorized to consider it, even though objectionable, in determining the ownership of the land involved, and it cannot be urged on appeal that such evidence does not tend to sustain the decision.   p. 391.

5. EJECTMENT.—*Evidence.—Sufficiency.—Title to Land.*—In an action to recover possession of realty, parol evidence, admitted without objection, that plaintiffs were the owners of the entire east half of a quarter section prior to the conveyance of thirty acres off of the south end and fifty acres off of the north end, was sufficient to sustain a finding of plaintiff's ownership in a narrow strip of land between the two tracks.   p. 391.

6. APPEAL.—*Review.—Conflicting Evidence.—Findings of Trial Court.—Conclusiveness.*—In an action in ejectment against a defendant claiming under a conveyance of a fifty-acre tract off of the north end of a half quarter section, where evidence that the boundaries of the tract were pointed out to defendant by plaintiff's authority and that the boundaries, as pointed out, were marked by fences and included all the end north of a thirty-acre tract, was not free from conflict, the trial court's finding against defendant is conclusive on appeal, there being some evidence to sustain it.   p. 392.

7. BOUNDARIES.—*Congressional Survey.—Scope.—Apportionment of Excess or Deficiency.*—The rule that by congressional survey any excess or deficiency is placed upon exterior lots only applies to lots in the extreme northern and western tier of quarter sections of a township, and has no application to a quarter section located in section No. 15, an interior section. p. 392.

8. APPEAL.—*Review.—Findings.—Conclusiveness.*—In an action in ejectment, the court's finding as to whether there was an excess in the half quarter section was conclusive on appeal, there being evidence to support it. p. 393.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by William H. Hershman and another against Thomas A. Suit. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Ralph K. Kane* and *Thomas E. Kane,* for appellant.

*Roscoe R. Foland* and *Joel Stafford,* for appellees.

BATMAN, P. J.—Appellees filed their complaint against appellant, in which they alleged that they are the owners of the east half of the northwest quarter of section fifteen, township twenty north, range three east, except fifty acres off the north end thereof, and thirty acres off the south end thereof, and asked judgment for possession and damages. Appellant answered by a general denial. Trial was had by the court, and judgment was rendered in favor of appellees. Appellant filed a motion for a new trial, alleging that the decision of the court is not sustained by sufficient evidence, and is contrary to law. This motion was overruled, and the action of the court in overruling the same is the sole error assigned and relied on for reversal. In determining the question raised by appellant under this 1. assigned error, it is only necessary for this court to determine whether there is any evi-

dence which tends to support the decision of the trial court, and, if there is such evidence, the judgment, under the well-established rule, will not be disturbed on appeal. *Timm v. Low* (1913), 56 Ind. App. 47, 104 N. E. 870; *Illinois Surety Co.* v. *Frankfort Heating Co.* (1912), 178 Ind. 208, 97 N. E. 158; *Indianapolis Foundry Co.* v. *Lackey* (1912), 51 Ind. App. 175, 97 N. E. 349.

.The evidence discloses that appellees at one time owned all of the east half of said quarter section; that they sold two tracts therefrom, the first, described as thirty acres off the south end thereof, was sold to one Burton, from whom appellant obtained title through sundry conveyances, the second, described as fifty acres off the north end thereof, was sold to appellant. The dispute arises over a narrow strip of land between said tracts, containing about seven-tenths of an acre. Appellant's first contention is that the burden of proof was on appellees to show title and right of possession in themselves, regardless of any title in appellant; that they offered no evidence of title by adverse possession, but relied solely on the introduction of an abstract of title for the discharge of such burden; that such abstract was not evidence of title, and hence there was no evidence on which they could recover. The record shows that the abstract in question was furnished by appellees in response to an order of court, made on motion of appellant, and afterwards introduced in evidence on the trial by appellees, without objections. Abstracts of title under some circumstances are compe-

2. tent evidence for certain purposes. *Hitt* v. *Carr* (1916), 62 Ind. App. 80, 109 N. E. 456; *Kane* v. *Rippy* (1890), 22 Ore. 296, 23 Pac. 180. But we are not called upon in this case to determine

whether the circumstances and purpose were such as to render the abstract admissible over proper and timely objections. Such question was not saved on the trial, and is therefore waived. We are only called upon to determine its effect when admitted in evidence without objection. It is well settled 3. in this state that a party who permits evidence on a material issue to be introduced without objection cannot successfully urge on appeal that it is not sufficient to sustain the finding. Its probative value, when so admitted, is for the court or jury trying the issue of fact, although such evidence might have been excluded if proper and timely objection had been made. *Riehl* v. *Evansville Foundry Assn.* (1885), 104 Ind. 70, 3 N. E. 633; *Metropolitan Life Ins. Co.* v. *Lyons* (1912), 50 Ind. App. 534, 98 N. E. 824; *Wagner* v. *Meyer* (1912), 53 Ind. App. 223, 101 N. E. 397; *Buttz* v. *Warren Machine Co.* (1913), 55 Ind. App. 347, 103 N. E. 812. The rule stated has been applied to both hearsay and secondary evidence, as well as to evidence rendered incompetent for other reasons, as indicated by the cases cited. Under this rule 4. we cannot hold that the trial court was not authorized to consider such abstract, in determining whether appellees were the owners of 5. the real estate in question, or that it does not tend to sustain its decision. Moreover, there was parol evidence admitted without objection that appellees were the owners of the entire half quarter section in question, prior to the conveyance of the thirty-acre tract off the south end, and the fifty-acre tract off the north end thereof. This evidence of itself is sufficient to sustain a finding of ownership in appellees, by the trial court. *Littler* v. *Robinson* (1906), 38 Ind. App. 104, 77 N. E. 1145; *Uhl* v. *Moor-*

*hous* (1894), 137 Ind. 445, 37 N. E. 366; *Pennsylvania Co.* v. *Stanley* (1894), 10 Ind. App. 421, 37 N. E. 288, 38 N. E. 421.

Appellant also contends that when he purchased said fifty-acre tract the boundaries thereof were pointed out to him by authority of appellees; 6. that the boundaries so pointed out included all the land north of said thirty-acre tract off. the south end thereof, and were marked by fences; that under such circumstances the visible monuments control instead of the quantity named in the deed. We recognize the rule stated in the authorities cited in support of this contention, but it can only afford relief on appeal where the evidence as to the pointing out of such boundaries is free from conflict. The trial court evidently found against appellant on this issue of fact, and, as there is some evidence tending to support such finding, this court is bound thereby, under the well-established rule stated *supra.*

Appellant also contends that by congressional survey the excess or deficiency is placed upon exterior lots; that the half quarter section in 7. question is an interior lot, and hence contains only eighty acres; that if appellees had been in possession of more than eighty acres, their only title thereto would be by adverse possession; that they made no attempt to prove such title, and hence their action must fail. We recognize the rule stated by appellant as to the placing of any excess or deficiency by congressional survey, but such rule only applies to lots in the extreme northern and western tiers of quarter sections of a township. The quarter section involved in the instant case is located in section fifteen, an interior section, and hence the rule invoked has no application here. *Keesling* v. *Truitt*

(1868), 30 Ind. 306; *Grover* v. *Paddock* (1882), 84 Ind. 244; *Caylor* v. *Luzadder* (1894), 137 Ind. 319, 36 N. E. 909, 45 Am. St. 183; Ann Cas., note 1275.

Whether there was an excess in the particular half quarter section involved in this case was a question of fact for the trial court. It was determined in favor of appellees, and, as there was evidence tending to sustain such finding, this court is bound thereby.

We find no error in the record. Judgment affirmed.

NOTE.—Reported in 118 N. E. 310.