## MELLENCAMP v. REEVES AUTO COMPANY.

[No. 14,739. Filed June 9, 1934. Rehearing denied October 1, 1934. Transfer denied February 18, 1935.]

*George W. Long*, for appellant.

*Rynerson & Shinn*, for appellee.

KIME, J.—This is an appeal from a judgment in appellee's favor in a suit brought by appellee against appellant for damages for the conversion of a tractor, governor, No. 12 Oliver plow, Bull-Dog jointer and a Moline two-row cultivator.

Upon the issues being joined by answer in general denial there was a trial by the court with a special finding of facts and conclusions of law thereon. Judgment was rendered on the conclusions of law. Appellant then filed a motion for new trial on the grounds, (1) that the decision of the court is not sustained by sufficient evidence, and (2) that the decision of the court is contrary to law. The motion for a new trial was overruled, and exceptions taken to each conclusion of law, all of which is assigned as error here.

Appellee's complaint is in two paragraphs and alleges that it is a corporation duly organized and existing by virtue of the laws of the state of Indiana, and that it is and was on the 15th day of March, 1928, duly authorized to buy and sell motor vehicles, tractors, farming implements, etc. It is also further alleged that on the 15th day of March, 1928, appellee entered into a conditional sales contract with one Sam Calvin, and there is no finding that he was a dealer, whereby it sold to said Calvin the above described tractor, etc., on condition that the title to said property should remain with appellee until all payments have been paid in full. The title to said property did remain with appellee and the said Calvin failed to make the payments

as required by said contract and failed and refused to carry out the terms of the agreement.

It is also alleged that the defendant, Louis Mellencamp, was formerly engaged in business with one Henry Westermeier under the firm name and style of Farmers Supply Company, and that after the execution of the conditional sales contract Mellencamp and Westermeier, doing business as Farmers Supply Company, negotiated with Calvin and purported to purchase the property heretofore described from Calvin; that the date of such transaction was unknown to appellee and that at the time of the negotiation by Mellencamp and Calvin the property heretofore described was delivered to Mellencamp and Westermeier, doing business as Farmers Supply Company, and that they sold and converted said property to their own use.

Appellee further averred that it did not have knowledge of such conversion until the 10th day of April, 1931, and that thereafter, on the 15th day of December, 1931, it made demand upon appellant for delivery of said property, which appellant refused to deliver and still refuses to deliver.

There was introduced into evidence appellee's exhibit No. 1 which is hereby set forth:

"Indiana Sales Contract

Order

| | |
|---|---|
| Tractor | $561.28 |
| Gov. | 22.50 |
| 12″ Oliver Plow | 88.50 |
| Bull Dog Jointer | 26.50 |
| Moline Cultivator 2 row | 167.00 |
| Total | $865.78 |
| cr. by horses | 140.00 |
| | $725.78 |

"To Reeves Auto Co., hereinafter called Seller, Columbus, Indiana.

"In consideration of the sum of one hundred forty dollars (140.00) paid you by the undersigned in cash herewith by the undersigned, and the further amount of Seven hundred twenty-five and 78/100 dollars ($725.78) to be paid as hereinafter specified, please deliver to the undersigned one Fordson automobile Tractor, gov., plow with jointer and cultivator; Model Letter or No..........., Motor No. 740098; factory Car No............; Body Style............; Capacity............ No. of Cylinders............

"The undersigned agrees to make the deferred payments in accordance with the terms of certain promissory notes, of the date of this order, signed by the undersigned and made payable to you or your order, the face and date of payment of which will be as follows:

$292.89 due Dec. 15, 1928      $.......... due..........192.
$432.89 due Sept. 1, 1929      $.......... due..........192.
respectively, all of which bear interest at the rate of 7% per annum after date until paid.

"To induce the seller to deliver said car the undersigned, hereinafter called the purchaser, agrees to the following conditions, viz:

"If any default be made in the payment of any of said notes or the interest thereon, then all of said notes shall at the option of the seller, without notice of said option to any one, become at once due and payable, anything in said notes to the contrary notwithstanding. The title to the above described automobile shall not pass to the purchaser until all of said notes and the interest due thereon are paid in full and until such payments shall have been made, said automobile shall remain the property of the seller. Said automobile shall not be sold by the purchaser or taken out of the State in which the purchaser now resides, without the written consent of the seller until all payments shall have been made and title vested in the purchaser.

"It is further agreed that the title to the above described automobile, tractor or machine, shall not pass and vest in the purchaser until any and all bills and accounts due the seller for any and all repairs, improvements, accessories, supplies, gasoline and oils furnished the purchaser by the seller hereafter, and prior to the actual payment of the last deferred payment stipulated herein, for the

improvement, repair or operation of said automobile, tractor or machine, shall have been paid in full.

"The purchaser shall keep all the taxes and legal assessments against said automobile paid and keep said automobile insured against loss by fire, theft and . . . for the insurable value thereof in such companies as the holder of said notes may direct, and make the loss if any, payable to and deposit the policies with the holder of said notes as security for their payment. He shall not use or permit said automobile to be used for in connection with the transportation, sale, barter, or gift of intoxicating liquor or other substance in violation of law, State, Federal or Municipal.

"The promissory notes to be given by the purchaser as herein provided shall not be considered as payment of the purchase price of said automobile or as payment of such indebtedness. Upon failure of the purchaser to make any such payments provided for herein at the time same is due and payable, the seller or any person named by the seller may at the seller's option take possession of and remove said automobile without legal process, and in such case it is agreed that all payments heretofore made hereunder shall be considered as having been made for use of said automobile while in the possession of the purchaser, and such payments shall be retained as rental.

"It is expressly agreed that this order shall not be countermanded, that it covers all agreements between the parties relative to this transaction, and that all the terms and conditions of this order shall apply to and be binding upon the purchaser and the personal representatives, successors and assigns of the purchaser, and shall inure to the benefit of said seller, and the personal representatives, successors and assigns of said seller. The execution of said notes shall be conclusive proof to the delivery of said automobile to said purchaser.

Dated 15 day of March, 1928. Sam Calvin (Seal) Witness E. C. Brougher."

The court, at the conclusion of the evidence, found the facts to be as follows:

"1. That during the years 1928 to and including 1932, plaintiff was a corporation of the State of

Indiana and was authorized to buy and sell motor vehicles, tractors, farming implements, etc.

"2. That the defendant, during the years 1928 to January 17, 1931, was a partner with Henry Westermeier, doing business as Farmers Supply Company.

"3. That on the 15th day of March, 1928, plaintiff was the owner of the following described property, to-wit: a Fordson tractor, governor, No. 12 Oliver plow, one (1) Bull Dog jointer and one (1) Moline two-row cultivator, and on said date plaintiff and one Sam Calvin entered into a sale agreement whereby said property was delivered to said Calvin.

"4. That by said agreement the title to said property described in finding No. 3 was to remain in the Reeves Auto Company until the full purchase price therefor was paid.

"5. That the said Sam Calvin failed to pay the full purchase price for said property and that there remained due and unpaid on said purchase price on the 5th day of November, 1930, the sum of three hundred fifty dollars ($350) which sum is still due and unpaid.

"6. That on the 5th day of April, 1929, the Farmers Supply Company negotiated with the said Sam Calvin and purchased the property hereinbefore described from the said Sam Calvin and all of said property, to-wit: Fordson tractor, governor, No. 12 Oliver plow, Bull Dog jointer and Moline two-row cultivator were sold and disposed of by the Farmers Supply Company to parties other than plaintiff on or before the 25th day of May, 1929, and received and retained the proceeds of such sale to their own use and benefit.

"7. That at the time of such sale by the Farmers Supply Company said property hereinbefore described was the property of plaintiff.

"8. That the plaintiff had no notice or knowledge of the transaction between Calvin and the Farmers Supply Company until the first part of April, 1931.

"9. That said property was of the value of four hundred dollars ($400) on or about the 25th day of May, 1929," and entered the following conclusions of law:

"1. That the law is with the plaintiff.

"2. That the Farmers Supply Company did, on

or before the 25th day of May, 1929, convert said property to their own use, to plaintiff's damage.

"3. That defendant, as a partner in the Farmers Supply Company, is responsible for the acts, obligations, and liabilities of said partnership for the conversion of said property.

"4. That plaintiff is entitled to recover the value of the property so converted in the sum of four hundred dollars ($400) from the defendant and is entitled to judgment in that sum."

The errors assigned here are that the court erred in its first, second, third, and fourth conclusions of law and that the court erred in overruling appellant's motion for new trial.

It is very earnestly insisted on behalf of appellant that by the sales agreement referred to in special finding of facts No. 3, the appellee sold to Sam Calvin a Fordson tractor, governor, No. 12 Oliver plow, Bull-Dog jointer, and one Moline two-row cultivator, but that appellee did not retain title to the same. It is contended that the only thing mentioned in said instrument that appellee retained title to was the automobile and the word "automobile" cannot be construed to be a Fordson tractor, governor, plow, etc.

We think this contention is untenable for the reason that the articles sold are specifically described at the very inception of the agreement, together with their respective prices, the total price and a credit. Then follows that part of the agreement reciting the consideration and requesting delivery of the above described articles. It is quite true that there is a clause in the agreement stating that, "The title to the above described automobile shall not pass to the purchaser until all of said notes and the interest due thereon are fully paid and until such payments shall have been made said automobile shall remain the property of the seller," but it is a cardinal rule in the inter-

pretation or construction of contracts that the intention of the parties must be ascertained and legal effect given that intention if it can be done consistent with legal principles. Here it appears quite clearly that the parties concerned entered into the agreement in question, with reference to the described equipment and not to an automobile. It is shown by the evidence that the purchaser, Sam Calvin, understood that he was buying the property on a conditional sales contract as he testified that, at the time he made the trade with the Farmers Supply Company he delivered a Fordson tractor, governor, cultivator and breaking plow, the same property he had purchased from the Reeves Auto Company, on a conditional sales contract. Sam Calvin further testified that the tractor and plow and the property which he purchased from Reeves Auto Company on a conditional sales contract, at the time it was taken over by the Farmers Supply Company, was in good shape, practically as good as new. In view of this evidence we think the court was fully justified in looking beyond the form into which the parties cast their agreement. The form of the contract does not necessarily control its interpretation and it was incumbent upon the trial court to ascertain the object of the parties in making the agreement in question.

The evidence further shows that Calvin traded the Fordson tractor and other articles to the Farmers Supply Company during the month of April, 1929. On September 27th, 1929, Calvin renewed his note to the Reeves Auto Company, and said note was again renewed at various times afterwards. It was shown that the original notes taken by appellee were plain notes, in regular form, whereas the renewal notes contained the following provision:

"I, we, expressly agree to pay any balance on this note remaining unpaid after such property is

sold, or if the same be burned, wrecked, or otherwise damaged or destroyed after delivery, they, us, are to pay all expenses incurred in collecting same."

Appellant argues that even though this court should construe the agreement hereinbefore described to be a conditional sales contract with reference to the articles in dispute, and that appellee retained title to said articles by virtue of same, the execution and acceptance of the renewal notes by appellee constituted the acceptance of a chattel mortgage on said property. This they contend is the rule of law laid down in the case of *Schneider* v. *Daniel, et al.* (1921), 191 Ind. 59, 131 N. E. 816. But this is not the case. *Schneider* v. *Daniel* holds just the opposite and is authority for affirming the judgment of the trial court. See also *International Harvester Co.* v. *Lockwood* (1933), 205 Ind. 36, 185 N. E. 637.

Appellant has also assigned as error that the court's special finding of facts Nos. 4 and 7 are not the finding of ultimate facts but conclusions of law. This contention is not well taken for the reason that the question herein hinges upon the ownership of the property in question. Ownership is an ultimate fact and not a conclusion of law. The statement of ownership, title, or interest by the court as resting in any individual is a finding of an ultimate fact and not a conclusion of law. 2 Hayne, New Trial and Appeal, p. 1339; *McArthur* v. *Goodwin* (1916), 173 Cal. 499, 506, 160 Pac. 679, 682; *Bogan* v. *Hynes et al.* (1933), 65 Fed. (2nd) 524. Finding no reversible error the judgment of the lower court is therefore in all things affirmed.