KLINGLER ET AL. *v.* OTTINGER ET AL.

[No. 27,251. Filed October 11, 1939.]

*Todd & McCormack,* and *E. M. Hornaday,* for appellants.

*Scifres & Hollingsworth,* and *Glenn A. Markland,* for appellees.

SHAKE, J.—Appellees brought this action to eject appellants from 32.5 acres of land in Boone County, claiming to own said land in fee simple as tenants by the entireties and asserting that appellants were unlawfully in possession. Appellants countered by way of cross-complaint, alleging that they owned the land in controversy and asking that their title be quieted against the appellees. No questions arise on the pleadings.

There was a trial without a jury and, upon request, the court made special findings of fact and stated conclusions of law. Judgment was entered in favor of appellees and appellants asked for a new trial, which was denied. The errors presented are: (1) that the court erred in each of its conclusions of law; (2) the court erred in admitting certain evidence offered by the appellees; (3) the court erred in refusing to admit certain evidence offered by appellants; (4) the decision of the court is contrary to law; and (5) the decision is not supported by sufficient evidence.

From the facts specially found by the court it appears that in February, 1931, Andrew Harmon was an unmarried adult and the owner of some 135 acres of farm land in Boone County, including the 32.5 acre tract in controversy. On or about February 15, 1931, appellants, who were husband and wife, became Harmon's tenants and moved on to said 32.5 acre tract, which

they have since occupied. In the spring of 1935, Harmon executed and delivered to appellants a deed to said tract, which deed contained a clause reserving unto Harmon a life estate therein. Said deed recited a consideration of one dollar, but was made pursuant to an oral agreement to the effect that appellants would render certain services to Harmon by way of care and assistance during the remainder of his life. At the time of the execution of the deed it was mutually understood by the parties thereto that the same would not be recorded during Harmon's lifetime and that Harmon did not intend to make said conveyance effective, but reserved the right to recall the deed at his option. Appellants kept the deed at their home until about July 2, 1937.

On March 23, 1937, appellant George Klingler, as guardian, loaned Harmon $600 and took and recorded his mortgage on said 32.5 acre tract to secure the same. Subsequent to the execution of the deed by Harmon to appellants the former became dissatisfied with the agreement concerning services to be rendered by appellants in caring for and assisting him and on May 28, 1937, he leased his entire farm, including said 32.5 acre tract, to the appellee Carl Ottinger, for the term of one year, commencing March 1, 1938, reserving, however, the house and garden where said Harmon lived and the house and truck patch occupied and used by appellants. On July 2, 1937, Harmon sold and conveyed said 32.5 acre tract to appellees for a consideration of $1500 and delivered to them a warranty deed therefor, which deed was recorded on the same day. As a part of the consideration appellees assumed and agreed to pay the $600 mortgage in favor of Klingler, guardian. Shortly after July 2, 1937, appellant George Klingler surrendered the unrecorded deed to Harmon, who destroyed it

in the presence of the appellees. Harmon died intestate January 30, 1938.

The conclusions of law recite that the law is with the appellees; that there was no unconditional delivery of the deed from Harmon to appellants; that Harmon reserved the right to recall said deed and void the same and did so about July 2, 1937; that appellees were bona fide purchasers of said land for a valuable consideration; that appellants hold possession of said real estate unlawfully and without right; and that appellees are the owners of said land in fee simple as tenants by the entireties and entitled to the immediate possession thereof, with costs. There was a judgment on the complaint in favor of appellees for possession and costs and against appellants on their cross-complaint.

Some of the court's conclusions of law are clearly in the nature of findings of fact and these must be disregarded, since they are of no force as conclusions of law and can not aid the special findings. These do not, however, impair those parts of the conclusions of law that are otherwise proper. *Hammann* v. *Mink* (1885), 99 Ind. 279, 288. It is not always easy to determine, in a given case, what are proper findings of fact and what are conclusions of law. Likewise, there is frequently confusion as to what constitutes ultimate facts and what are evidentiary facts. Evidentiary facts in a special finding do not control or overthrow the ultimate facts found, though they may be considered so far as they explain or give color to the ultimate facts; and, where the primary facts found all point to but one conclusion, a statement of the ultimate fact is not necessary. *Smith* v. *Blair et al.* (1893), 133 Ind. 367, 32 N. E. 1123; *Mount* v. *Board, etc.* (1907), 168 Ind. 661, 80 N. E. 629.

It has been said that the statement of ownership,

title, or interest by the court as resting in any individual, is a finding of an ultimate ·fact and not a conclusion of law. *Mellencamp* v. *Reeves Auto Company* (1935), 100 Ind. App. 26, 190 N. E. 618. Applying that rule, appellants contend that the statements contained in the conclusions of law before us, to the effect that appellees are the owners of the real estate described in the complaint and entitled to the immediate possession thereof, and the further statement that the appellants hold possession of said real estate unlawfully and without right, are findings of ultimate fact; that they do not aid the conclusions of law, can not be transposed to the special findings, and must therefore be disregarded for all purposes. That these recitals do not add anything to the facts found must be conceded, since they appear in the conclusions of law. But we are not presently concerned with the sufficiency of the facts found to support the conclusions of law, but rather with the sufficiency of the conclusions to justify the judgment. The answer to the immediate problem seems to be found in the circumstance that as its first conclusion of law the court stated that, "the law is with the plaintiffs (appellees) herein." This would have been sufficient upon which to base a valid judgment. *Atlas Securities Co.* v. *Ferrell* (1929), 88 Ind. App. 543, 164 N. E. 709.

We now pass to a consideration of the question of whether the essential conclusion of law was justified by the special findings of fact. The special findings have already been summarized but it is to be noted that there was a specific finding that on and prior to February, 1931, Andrew Harmon was the owner of the real estate in controversy; that on July 2, 1937, Harmon was an unmarried man and on that date executed and delivered to appellees a warranty deed

to said real estate, which said deed was acknowledged and recorded on the same date; that the deed was supported by valuable consideration; and that Harmon was in possession of said real estate at the time the deed was made. These are primary facts which, standing alone and uncontradicted, would authorize an inference of the ultimate fact that the appellees were the owners of the real estate involved; that they were entitled to the possession thereof; and that the law was consequently with them. A warranty deed from one in possession of real estate conveyed gives the grantee, prima facie, a good title. *Souders et al.* v. *Jeffries* (1884), 98 Ind. 31.

It further appears from the special findings that prior to the execution and delivery of the deed by Harmon to the appellees, Harmon deeded said property to the appellants, reserving a life estate, upon the oral understanding that the deed to them should not be recorded during his lifetime and that it might be recalled at his option; that this deed was surrendered up by the appellants and destroyed by Harmon before the commencement of this action; and that appellants occupy the land under claim of ownership, by virtue of said destroyed deed. It is the claim of the appellants that these findings nullify the appellees' claim of title and right to possession and render erroneous the trial court's conclusion that the law was with the appellees. Appellants stand upon the well recognized principle that when a deed is once delivered no subsequent act of the grantor can impair the validity of the conveyance and that the title in the grantee can only be divested by reconveyance or legal proceedings. The rule relied on is not applicable to the facts found because we do not have here an unqualified delivery. While manual delivery of a deed by the grantor to the

grantee is the simplest means of transfer and is sometimes referred to as "absolute delivery," it is not always conclusive. Such act, to be effective, must be accompanied with an intent on the part of the grantor to pass title and it must not be hampered by the reservation of any right of revocation or recall. 16 Am. Jur., Deeds, §§ 122, 123; 56 A. L. R. 746; *Bunn* v. *Stuart* (1904) 183 Mo. 375, 81 S. W. 1091. The recital in the special findings that Harmon "did not intend to depart with dominion and control of the deed, and did not intend to make such deed effective as such conveyance and the defendants and cross complainants (appellants) understood and knew that the grantor, Andrew Harmon reserved the right to recall the deed at the option of the grantor," destroyed the effect of the manual delivery of the instrument to the appellants. These findings are not in conflict with those previously noted, in which the court found that the appellees were the owners and entitled to possession of the land. It follows that the trial court did not err in its conclusion that the law was with the appellees.

What we have said is, of course, upon the assumption that the facts found were warranted. Appellants contend that the decision is not supported by the evidence. They assert that there is no evidence in the record to sustain the specific findings last quoted above. We have carefully read the entire bill of exceptions and, bearing in mind the rule that we are not to weigh the evidence but merely to ascertain if there is some proof to sustain the court's findings, we have concluded that the record discloses such proof. One witness testified that he read the deed from Harmon to appellants and that it contained a provision that they were to look after the grantor and care for him and were to have the place after his death. A

neighbor of Harmon's related a conversation with him a short time before his death in which Harmon requested her to find a buyer for the land in controversy. When she told him she thought he had given it to the appellants he replied that he had an agreement with them that they were to care for him for the land but that they were not carrying out their agreement. Another witness quoted Harmon as having said:

"I sold the 32 acres (to the appellees) because George (the appellant George Klingler) did not hold to his agreement. He would not take care of me and I owe him nothing at all."

All this evidence was received without objection. We are therefore not concerned with the question of its competency. A party who permits incompetent evidence on a material issue to be introduced without objection can not be heard to say on appeal that it should not be considered in determining if the finding is supported by the evidence. Its probative value, when so admitted, is for the court or jury to determine, notwithstanding such evidence might have been excluded if proper and timely objection had been made. This rule has been applied to hearsay and secondary evidence, as well as to evidence rendered incompetent for other reasons. *Suit* v. *Hershman* (1918), 66 Ind. App. 388, 391, 118 N. E. 310. When the evidence above referred to is considered in connection with the other established facts and circumstances, it gives rise to the inferences necessary to sustain the court's findings of fact.

The errors assigned with reference to the exclusion and admission of evidence are insufficient to reverse the cause because, in every instance, the excluded evidence was ultimately admitted or the objection urged

against that admitted was too general to present any question.

The judgment is affirmed.